Feb 41

[S. F. No. 706. In Bank.—October 8, 1896.]

P. H. GRIFFIN, PETITIONER, *v.* A. S. DINGLEY, COUNTY CLERK, ETC., RESPONDENT.

ELECTIONS—TIME FOR FILING CERTIFICATE OF NOMINATION—CONSTRUCTION OF CODE.—Under section 1192 of the Political Code, a certificate of nomination by a convention must be filed not less than thirty days before the day of election, and the fact that the thirtieth day preceding the election falls on Sunday, cannot operate to lessen the time limited by law for such filing, nor do sections 12 and 13 of the Political Code have application to the limitation of time prescribed by section 1192.

APPLICATION in the Supreme Court for a writ of man-

date to compel the county clerk of Stanislaus County to file a certificate of nomination.

The facts are stated in the opinion of the court.

*A. Hewel,* and *C. A. Stonesifer,* for Petitioner.

October 4th was the last day allowed by law for the filing; but that day being on Sunday, the certificate might lawfully be filed on the next day, when it was offered. (Pol. Code, secs. 12, 13; *Misch* v. *Mayhew,* 51 Cal. 516; *Blackwood* v. *Cutting etc. Co.,* 71 Cal. 461; *Estate of Rose,* 63 Cal. 347; *Hagenmeyer* v. *Mendocino County,* 82 Cal. 214; *Cressey* v. *Parks,* 75 Me. 387; 46 Am. Rep. 406.) The rule of excluding the first and including the last day in computing time applies whether the act is to be performed before a certain time or after a given time. (*Stebbins* v. *Anthony,* 5 Col. 342; *Tebbe* v. *Smith,* 108 Cal. 104; 49 Am. St. Rep. 68.)

*John E. Richards,* for Respondent.

THE COURT.—Application for a writ of mandate. The respondent is the county clerk of Stanislaus county and, on the fifth day of October, 1896, the petitioner presented to him for filing a certificate, duly authenticated by the proper officers, of the nomination by the county convention of the Democratic party of that county, held September 7, 1896, of certain candidates for public offices to be filled by the electors of that county at the coming general election. The respondent refused to file the same, alleging, as a reason therefor, that that day was a holiday, and also because the same was not presented for filing within the time required by law. The petitioner again presented the certificate to him on the sixth day of October, with the request that it be filed, but the respondent again refused to file the same, for the reason that it was not presented to him for filing within the time required by law. The present application is for a writ of mandate, command-

ing the respondent to receive and file the said certificate.

Section 1192 of the Political Code, as amended in 1895 (Stats. 1595, p. 303), provides: "Certificates of nomination required to be filed with the county clerks, or with the clerk or secretary of the legislative body of any city or town, shall be filed not more than fifty nor less than thirty days before the day of election, when the nomination is made by a convention." It is contended by the petitioner that, under this provision, the fourth day of October was the last day on which the certificate could be filed, but that, as that day was Sunday, by virtue of sections 12 and 13 of the Political Code, he was entitled to file it on the next day that was not a holiday, and, as the fifth day of October was a legal holiday, his presentation of the certificate to the respondent on the 6th was in time, and that the respondent should have filed it. We are of the opinion, however, that these provisions of the Political Code are inapplicable. Section 12 provides that a holiday shall be excluded when it is the last day of the time "in which" any act provided by law is to be done; and section 13 refers to an act which is appointed to be done "upon" a particular day. In the present case, however, the statute does not fix the day upon which or the time within which the certificate is to be filed, but declares that it shall be filed "not less" than thirty days before the day of election. To hold that it could be filed twenty-eight days before the day of election would be in manifest disregard of the provisions of the statute.

The application for the writ is denied.