[S. F. No. 16658. In Bank.—Sept. 2, 1941.]

CARL D. STEELE, Petitioner, v. ALBERT H. BARTLETT, as City Clerk, etc., Respondent.

Perry G. Briney and R. S. Riddle for Petitioner.

John E. McCall, City Attorney, for Respondent.

THE COURT.—*Mandamus* to compel the respondent city clerk to omit certain names from ballot.

The city of Torrance, a city of the sixth class, has noticed a special election for September 10, to fill two vacancies on the city council resulting from the recall of incumbents. Several persons seeking the office have filed nominating papers, which papers, under section 9760 of the Elections Code, must be filed "not later than twelve o'clock noon on the *thirty-first* day before the election." Computation reveals that the thirty-first day before September 10 (election day) was Sunday, August 10, the last day on which such nominating papers might be filed. However, six of the eleven candidates (Day, Hyde, Newton, Paour, Calder and Tolson) filed their nominating papers on Monday, August 11, which is only thirty days before the election. Accordingly, petitioner as a taxpayer and elector, instituted this proceed-

ing in *mandamus* to compel the respondent city clerk to omit the names of said six persons from the ballot on the ground that their nominating papers were not filed within time.

*Griffin* v. *Dingley*, 114 Cal. 481, 483 [46 Pac. 457], and *Hutchins* v. *County Clerk*, 140 Cal. App. 348 [35 Pac. (2d) 563], are authority for the proposition that while sections 12, 12a, and 13 of the Code of Civil Procedure and Political Code serve to extend one day the time within which or upon which an act may be done when the last day therefor falls on a Sunday or holiday, said sections are without application and do not extend the time for an act that must be performed ''not less'' than or ''not later'' than a given number of days before a designated time. In the latter situations it is held that to permit such an extension would be to nullify the legislative intent that the act must be performed more than a designated number of days before the event specified.

As stated in *Griffin* v. *Dingley, supra*, p. 483, ''the statute does not fix the day upon which or the time within which the certificate is to be filed, but declares that it shall be filed 'not less' than thirty days before the day of election. To hold that it could be filed twenty-eight days [two consecutive holidays were there involved] before the day of election would be in manifest disregard of the provisions of the statute.''

It necessarily follows that the nominating papers of the six candidates whose names are here sought to be kept off the ballot were filed one day late and the fact that the thirty-first day before the election fell on a Sunday did not serve to extend the time for such filing to the following day.

Let a peremptory writ of mandate issue as prayed.