Opinion
 

 THOMPSON, J.
 

 —This is an appeal from a judgment of dismissal entered after defendants’ demurrer to plaintiffs’ complaint was sustained without leave to amend. Concluding that the complaint shows on its face that it is barred by the statute of limitations contained in Government Code section 946.6, subdivision (f), we affirm the judgment.
 

 We accept as true the allegations of the complaint. John T. Todd, a minor, was injured by the medical malpractice of the Los Angeles County/USC Medical Center in February of 1974. His father, James Todd, incurred expense as a result of the injury. On June 5, 1975, an application for leave to present a late claim was filed on behalf of Todd. The application having been denied, a petition pursuant to Government Code section 946.6 for relief from filing a claim was filed in the superior court. (See fn. 1.) On April 15, 1976, the court ordered that the petition be granted.
 
 [1]
 
 On July 21, 1976, James Todd, acting for himself and as guardian ad litem for Todd, filed the complaint which commenced the case at bench.
 

 Asserting the 30-day statute of limitations of Government Code section 946.6, subdivision (f), the county demurred to the complaint. The demurrer was sustained without leave to amend and this appeal from the resulting judgment of dismissal followed.
 

 
 *664
 
 The trial court correctly sustained the demurrer.
 

 Government Code section 946.6 establishes the conditions under which a court may relieve a person from the requirements of a timely claim as a prerequisite to the filing of suit against a governmental entity. Subdivision (f) of the section states: “If the court makes an order relieving the petitioner from the [timely claim] provisions of [Government Code] Section 945.4, suit on the cause of action to which the claim relates must be filed in such court within 30 days thereafter.”
 

 Here the complaint alleges that the order relieving the plaintiffs from the provisions of section 945.4 was made April 15, 1976. The time allowed by section 946.6, subdivision (f) thus expired on May 15. The complaint at bench was not filed until July 21.
 

 Plaintiffs seek to avoid the compelled result of the statute by arguing: (1) the statute of limitations here involved does not apply in the case of a plaintiff who is a minor; and (2) relief from the bar of the statute of limitations should be granted because of the excusable neglect of the plaintiffs.
 

 Neither contention has merit.
 

 Minority
 

 “The prescribed statutes of limitations for commencement of actions against the state [and its political subdivisions] ‘are mandatory and must be strictly complied with. . . .’ ”
 
 (Smith
 
 v.
 
 City and County of San Francisco
 
 (1977) 68 Cal.App.3d 227, 230 [137 Cal.Rptr. 146]; see also
 
 Chase
 
 v.
 
 State of California
 
 (1977) 67 Cal.App.3d 808, 812 [136 Cal.Rptr. 833].)
 

 Here plaintiffs failed to comply with Government Code section 946.6, subdivision (f) which requires that suit be brought within 30 days after the plaintiff has been relieved by court order of the general requirement of a claim against the public entity prior to filing suit. Here there is specific legislation to the effect that minority does not toll statutes of limitation in an action against a public entity in which a claim must be presented. Subdivision (b) of Code of Civil Procedure section 352 states that minority does not toll the statute in “an action against a public entity [or its employees] upon a cause of action for which a claim is required to be presented [by] the Government Code . . . .” The minor plaintiff’s
 
 *665
 
 claim is one that Government Code sections 905 and 945.4 require be presented as a prerequisite to suit. True Government Code section 946.6, subdivision (c)(2) provides for automatic relief to a minor who fails to present the required claim if an application for administrative relief is first timely made; but the cause of action is one in which a claim is statutorily required absent relief.
 

 Thus appellant-plaintiff has failed to comply with the requirement of subdivision (f) of Government Code section 946.6. The strict construction of the statutes mandated by precedent requires the conclusion that his action in the case at bench is barred despite his minority.
 

 That conclusion is buttressed by the statutory history of subdivision (b) of Code of Civil Procedure section 352.
 

 Prior to 1970, section 352 provided for the tolling of statutes of limitations during a plaintiff’s minority and contained no express exception pertaining to suits against public entities. The applicability of the tolling provisions to suits under the Tort Claims Act was considered in 1968 in
 
 Williams
 
 v.
 
 Los Angeles Metropolitan Transit Authority
 
 (1968) 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497]. There our Supreme Court held that the then version of section 352 applied to suits against public entities so that a minor plaintiff’s failure to file suit within six months after his claim was denied did not bar his cause.
 

 Subdivision (b) of section 352 of the Code of Civil Procedure was enacted in 1970. The coincidence in timing leads inescapably to the inference that the section was adopted in reaction to
 
 Williams
 
 and to reverse its result.
 
 (Stanley
 
 v.
 
 City and County of San Francisco
 
 (1975) 48 Cal.App.3d 575, 582-583 [121 Cal.Rptr. 842].)
 

 Plaintiffs cite
 
 Bahten
 
 v.
 
 County of Merced
 
 (1976) 59 Cal.App.3d 101 [130 Cal.Rptr. 539] as standing for a contrary result. It does not do so.
 
 Bahten
 
 merely reiterates the familiar rule that substantial compliance with the claims statutes suffices so that a complaint filed prematurely before the court grants relief from the timely claim requirement is adequate. While an amended complaint containing a second cause of action against the governmental entity was allowed in
 
 Bahten
 
 although it was filed after the statutory period, the amended complaint was validated by the equally settled rule that an amended pleading based upon the same factual situation alleged in an earlier complaint dates from the filing of the original pleading.
 

 
 *666
 

 Excusable Neglect
 

 Plaintiffs may not rely upon “excusable neglect” to avoid the statutoiy bar. In response to the demurrer, they asserted counsel’s negligence in failing to file their complaint within the statutory time. That negligence does not excuse timely filing of the lawsuit.
 
 (Chase
 
 v.
 
 State of California, supra,
 
 67 Cal.App.3d 808, 812.) Hence, the trial court did not err in denying leave to amend the complaint to allege the purported excuse.
 

 Disposition
 

 The judgment is affirmed.
 

 Wood, P. J., and Lillie, J., concurred.
 

 Appellants’ petition for a hearing by the Supreme Court was denied December 28, 1977.
 

 [1]
 

 The clerk's transcript contains a minute order dated April 15. 1976. granting plaintiffs' petition for relief from the claim requirement and directing plaintiffs' counsel to prepare and serve an order and findings of fact and conclusions of law if requested. The minute order did not itself commence the period of limitation to file suit. (6 Witkin, Cal. Procedure (2d ed.) Appeal, §§ 69, 70.) The period begins only upon the filing of the formal order contemplated by the ruling embodied in the minutes. Appellants have not asserted the absence of a formal order as a point on appeal. They have thus waived that basis of reversal if it exists. (6 Witkin, id, § 425.) Raising the point on our own motion would risk prejudicing defendants through lack of opportunity to meet the issue factually. Hence, we do not do so.