[S.F. No. 24448. Feb. 17, 1983.]

FRANKIE C. DeLEON, Plaintiff and Appellant, v.
BAY AREA RAPID TRANSIT DISTRICT, Defendant and Respondent.

**COUNSEL**

Marcia A. Pollioni, Hurd, Meyer & Mitchell and Meyer & Mitchell for Plaintiff and Appellant.

Martin W. Basiszta, Bonnie A. McDonald and Van Voorhis & Skaggs for Defendant and Respondent.

**OPINION**

**KAUS, J.**—The issue in this case is whether Code of Civil Procedure section 12a, which extends the time period when the last day for performing an act falls on a holiday, is applicable to the time limit of Government Code section 945.6 for bringing an action against a public entity. We conclude that the answer is yes.

Appellant Frankie DeLeon filed a complaint against the Bay Area Rapid Transit District (BART) on December 26, 1979, alleging that she had been injured when she tripped and fell on a dangerous stairway in a BART station. The complaint alleged that BART had denied her claim, but it did not state the date of the denial. BART demurred to the complaint on the ground that it failed to

show it was not barred by the six-month statute of limitations of Government Code section 945.6, which runs from the time of the denial. At the hearing on the demurrer DeLeon stated that her claim had been denied in writing on June 25, 1979, and proposed to amend her complaint accordingly. This would have made the date the complaint was filed, December 26, one day beyond the six-month time limit. DeLeon argued that it was nevertheless timely because under Code of Civil Procedure section 12a, the time period was extended by one day since the last day fell on a holiday—Christmas. The trial court rejected DeLeon's argument and sustained BART's demurrer without leave to amend.[1] This appeal is from the ensuing judgment of dismissal.

Government Code section 945.6 provides in relevant part that "any suit brought against a public entity on a cause of action for which a claim is required to be presented . . . must be commenced: (1) If written notice is given . . . not later than six months after the date such notice is personally delivered or deposited in the mail."

Code of Civil Procedure section 12a provides in pertinent part: "If the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then such period is hereby extended to and including the next day which is not a holiday. . . . [¶] This section applies also to Sections 659, 659a, 946, and 974 through 982 of this code . . . and to all other provisions of law, however stated or wherever expressed, providing or requiring an act to be performed on a particular day or within a specified period of time. The mention of said sections herein is not intended and shall not be construed to exclude the application of this section to such other provisions of law, whether the latter are expressed in this or in any other code or statute, ordinance, rule or regulation."

In finding section 12a inapplicable to Government Code section 945.6, the trial court relied on cases holding that statutes stating that an act "shall" be performed "not later than" a certain date are mandatory and are not subject to exception. (*Steele* v. *Bartlett* (1941) 18 Cal.2d 573 [116 P.2d 780]; *Griffin* v. *Dingley* (1896) 114 Cal. 481 [46 P. 457]; *Ursino* v. *Superior Court* (1974) 39 Cal.App.3d 611 [114 Cal.Rptr. 404].) It also relied on cases stating that the time limits of Government Code section 945.6 are to be strictly construed. (*Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227 [137 Cal.Rptr. 146]; *Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575 [121 Cal.Rptr. 842]; *Todd* v. *County of Los Angeles* (1977) 74 Cal.App.3d 661 [141 Cal.Rptr. 622].)

---

[1]The trial court apparently concluded that since amendment of the complaint would have been futile, there was no reason to delay things by allowing the amendment to allege the date of denial of the claim.

DeLeon correctly contends that the authorities relied upon are distinguishable and that there is no impediment to holding section 12a applicable to the Government Code section 945.6 time limitation.

*Steele* v. *Bartlett, supra,* 18 Cal.2d 573 was an election case involving a statutory provision requiring the filing of nominating papers "not later than . . . the thirty-first day before the election." The thirty-first day was a Sunday, and some candidates had filed on the following Monday. We held that was too late: "[W]hile sections 12, 12a and 13 . . . serve to extend one day the time within which or upon which an act may be done when the last day therefor falls on a Sunday or holiday, said sections are without application and do not extend the time for an act that must be performed 'not less' than or 'not later' than a given number of days before a designated time." (*Id.,* at p. 574.) (Accord *Griffin* v. *Dingley, supra,* 114 Cal. 481 [election case involving statute requiring filing of nomination papers not less than 30 days before the date of election].)

*Steele* and *Griffin* dealt with a different situation than is present here. The statutes in those cases counted backward from a given date—election day—to insure that no new candidates would emerge within a given time period and ballots could be printed identifying all candidates. In the present situation, by contrast, the statute is forward-looking, limiting the time in which one can file a lawsuit against a public agency to insure that claims are not stale and evidence is available.[2] (*Addison* v. *State of California* (1978) 21 Cal.3d 313, 317 [146 Cal.Rptr. 224, 578 P.2d 941].) The holiday extension would not interfere with the purpose of the statute since such a brief extension would be innocuous to the availability of witnesses and evidence.

*Ursino* v. *Superior Court, supra,* 39 Cal.App.3d 611, involved time limits set by the Municipal Code for the Board of Permit Appeals of the City and County of San Francisco to act on appeals: "the Board . . . shall act . . . not later than forty (40) days after . . . filing" of the notice of appeal. (*Id.,* at p. 618.) The board had postponed the scheduled hearing several times because an insufficient number of commissioners was present. The 40-day time limit expired, and the court refused to interpret the statutory language as allowing an exception for the time during which the board lacked a quorum: "The use of the word 'shall' in conjunction with the phrase 'not later than' is clearly indicative of a mandatory declaration. . . . [¶] [W]here a statute absolutely fixes the time within which an act is to be done it is peremptory and the act cannot be done at any other time unless during the existence of the prescribed time the time has

---

[2]We distinguished *Steele* and *Griffin* on similar grounds in *In re Rodriguez* (1964) 60 Cal.2d 822 [36 Cal.Rptr. 609, 388 P.2d 881], a case involving the timeliness of a prehearing detention order which was filed on a Monday when the third day within which it was required to have been filed fell on a Sunday. We held that Code of Civil Procedure section 12a applied to extend the time to the following Monday.

been extended by an order made for that purpose under authority of law." (*Id.,* at p. 619.)

Although *Ursino* dealt with statutory language similar to that in Government Code section 945.6, it was in an entirely different context. Indeed, as to the question of whether the time limit should be extended because of a holiday, the *Ursino* court endorsed application of Code of Civil Procedure section 12a to the jurisdictional time at issue: "The 40th day fell on August 25 which was a Saturday, thus extending the time to the next legal day which was Monday, August 27. (Code Civ. Proc., § 12a.)" (39 Cal.App.3d at p. 615, fn. 3.)

*Smith* v. *City and County of San Francisco, supra,* 68 Cal.App.3d 227 involved the question of whether Code of Civil Procedure section 1013, providing a five-day extension when service of notice is by mail, applied to computation of the time for commencing an action under Government Code section 945.6. The court held that it did not, finding the answer within the language of section 945.6 itself: "Turning to the statute we find . . . the direction that under the Tort Claims Act an action must be commenced 'not later than six months after the date [a notice of the claim's rejection] is *personally delivered or deposited in the mail.*' " (*Id.,* at p. 231.)

*Stanley* v. *City and County of San Francisco, supra,* 48 Cal.App.3d 575 and *Todd* v. *County of Los Angeles, supra,* 74 Cal.App.3d 661 rejected claims that a plaintiff's minority tolled the statutory time limits for filing an action against a public entity. They did so on the basis of specific legislation stating that minority does not toll the statute in "an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with . . . the Government Code. . . ." (Code Civ. Proc., § 352, subd. (b).)

We have found no impediment to the application of Code of Civil Procedure section 12a to the time limits set forth in Government Code section 945.6. The cases cited in support of the trial court's ruling are readily distinguishable, and in some instances, even contain support for the applicability of section 12a in the present situation. Further support is also found in the broad language of the statute itself that it "applies . . . to all other provisions of law, however stated or wherever expressed, providing or requiring an act to be performed on a particular day or within a specified period of time."

■ Section 12a states a general rule regarding the computation of the time allowed for doing an act provided or required by law. (See *People* v. *Englehardt* (1938) 28 Cal.App.2d 315, 317 [82 P.2d 489]; Code Civ. Proc., § 12.) Consistent with the need for certainty in the method of computing time, a case will not be found to come under an exception to the general rule unless

there is a clear expression of provision for a different method of computation. (*Ley* v. *Dominguez* (1931) 212 Cal. 587, 594-595 [299 P. 713].) Section 12a applies to statutes of limitation in general (*Drvol* v. *Bant* (1960) 183 Cal. App.2d 351, 358 [7 Cal.Rptr. 1]; *Mox, Inc.* v. *Leventhal* (1928) 89 Cal.App. 253, 258 [264 P. 562]), and no cogent reason appears for departing from that general rule in this case. Its applicability here is consistent with the broad language of section 12a and with the purpose of the time limit in Government Code section 945.6.

Accordingly, we conclude that the trial court erred in finding that DeLeon's complaint was not timely filed and reverse the judgment of dismissal.

Bird, J., Mosk, J., Richardson, J., Broussard, J., Reynoso, J., and Grodin, J., concurred.