[No. B084592. Second Dist., Div. Five. June 15, 1995.]

F. TIMOTHY McAVOY, Plaintiff and Respondent, v.
HARVEY L. LERER, INC., et al., Defendants and Appellants.

## COUNSEL

Anoush Terry Ashkarian for Defendants and Appellants.

F. Timothy McAvoy, in pro. per., for Plaintiff and Respondent.

## OPINION

ARMSTRONG, J.—  The sole issue in this case is whether Code of Civil Procedure[1] section 12a, which extends the time period for performing an act when the last day falls on a holiday, is applicable to the 30-day time limit within which to file a complaint after service of an arbitration award in an attorney fee dispute. We conclude that it does, and reverse the judgment.

### FACTS AND PROCEDURAL HISTORY

The parties submitted their fee dispute, concerning the allocation of settlement proceeds received in appellants' settlement of respondent's claim against a third party, to the Mandatory State Bar Arbitration Program. The

---

[1]Unless otherwise indicated, further statutory references are to this code.

State Bar Arbitration Panel issued a nonbinding award in favor of respondent on January 6, 1994. Thirty-two days later, on Monday, February 7, 1994, appellants filed a lawsuit in Los Angeles Superior Court, seeking a trial de novo of the fee dispute.

On March 4, 1994, respondent filed a petition to confirm arbitration award and a notice of motion to confirm arbitration award. In their response to the motion, appellants argued that the court lacked jurisdiction to confirm the award because they had filed a timely superior court action concerning the fee dispute, and requested that the trial court take judicial notice of that action. Respondent countered that "the award became binding on Feb. 6, 1994," in effect arguing that the time for filing a complaint is not extended to the next court day if the 30th day falls on a weekend or holiday.

The petition to confirm the arbitration award came on for a hearing, conducted off the record, on March 25, 1994. The court took the matter under submission and scheduled another hearing for April 11, 1994. After the latter hearing, at which appellants did not appear, the court granted the motion to confirm the award. Judgment pursuant to the arbitration award was entered on April 13, 1994.

Appellants sought reconsideration of the trial court's order, or alternatively, relief under section 473. At the subsequent hearing on the motion, and after argument, the court denied the motion for reconsideration and again confirmed the arbitration award. The court did not, however, state on the record its reasons for its decision.

## DISCUSSION

We begin our discussion with a recitation of the relevant statutory language. Business and Professions Code, section 6204, provides in pertinent part: "(a) The parties may agree in writing to be bound by the award of the arbitrators. In the absence of such an agreement, either party shall be entitled to a trial after arbitration if sought within 30 days, pursuant to subdivisions (b) and (c), . . . [¶] (c) If no action is pending, the trial after arbitration shall be initiated by the commencement of an action in the court having jurisdiction over the amount of money in controversy within 30 days after mailing the notice of award. After the filing of such an action, the action shall proceed in accordance with the provisions of Part 2 (commencing with Section 307) of the Code of Civil Procedure concerning civil actions generally." In addition, Business and Professions Code section 6203, subdivision (b) provides that "Even if the parties to the arbitration have not agreed in writing to be bound, the arbitration award shall become binding upon the

passage of 30 days after mailing of notice of the award, unless a party has, within the 30 days, sought a trial after arbitration pursuant to Section 6204." Thus, unless section 12a operated to extend the time within which appellants had to file their complaint, the arbitration award became binding on Saturday, February 5, 1994, 30 days after it was served.

Section 12a states: "If the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then such period is hereby extended to and including the next day which is not a holiday. . . . [¶] This section applies also to Section 659, 659a, 946, and 974 through 982, . . . and to all other provisions of law, however stated or wherever expressed, providing or requiring an act to be performed on a particular day or within a specified period of time. The mention of these sections is not intended and shall not be construed to exclude the application of this section to such other provisions of law, whether the latter are expressed in this or any other code or statute, ordinance, rule or regulation." Elsewhere in the code, the term "holiday" is defined to include "all day on Saturdays" (§ 12a) and "every Sunday" (§ 10).

Various decisions of the appellate courts of the State of California have held that the provisions of section 12a apply to a wide assortment of acts provided or required by law to be done within a particular time frame. Thus, in *DeLeon* v. *Bay Area Rapid Transit Dist.* (1983) 33 Cal.3d 456, 460-461 [189 Cal.Rptr. 181, 658 P.2d 108], the Supreme Court held that section 12a extended the time within which to bring an action against a public entity as set forth in Government Code section 945.6. In *Humes* v. *MarGil Ventures, Inc.* (1985) 174 Cal.App.3d 486, 498 [220 Cal.Rptr. 186], the Court of Appeal held that section 12a acted to extend the time within which a respondent had to file a response to a petition to confirm a decision of the Labor Commission. And in *Ystrom* v. *Handel* (1988) 205 Cal.App.3d 144, 148 [252 Cal.Rptr. 110], the Court of Appeal held that section 12a applied to the calculation of time within which service must be effected pursuant to section 583.210. These decisions have been guided by the recognition that " 'Section 12a states a general rule regarding the computation of the time allowed for doing an act provided or required by law. [Citations.] Consistent with the need for certainty in the method of computing time, a case will not be found to come under an exception to the general rule unless there is a clear expression of provision for a different method of computation. [Citation.]' " (205 Cal.App.3d at p. 148, quoting *DeLeon* v. *Bay Area Rapid Transit Dist., supra,* at pp. 460-461.)

Respondent has referred this court to no "clear expression of provision for a different method of computation," nor cited any case which would suggest

that section 12a should not apply to the filing of a complaint for a trial de novo following mandatory nonbinding arbitration. Consequently, we must conclude that section 12a applied to the computation of the 30-day period in which appellants had to file a complaint for trial de novo, and that appellants' lawsuit, filed on February 7, 1994, was therefore timely filed, precluding confirmation of the arbitration award.

## DISPOSITION

The judgment is reversed. The parties are to bear their own costs on appeal.

Grignon, Acting P. J., and Godoy Perez, J., concurred.

On July 13, 1995, the opinion was modified to read as printed above.