[No. G015845. Fourth Dist., Div. Three. Jan. 8, 1997.]

NICKY TRAN, a Minor, etc., Plaintiff and Appellant, v.
FOUNTAIN VALLEY COMMUNITY HOSPITAL et al., Defendants and
Respondents.

## COUNSEL

Horton, Barbaro & Reilly and William O. Humphreys for Plaintiff and Appellant.

Madory, Zell and Pleiss and Richard E. Madory for Defendants and Respondents.

## OPINION

THE COURT.*—Appellant, a minor, appeals the dismissal of his complaint based upon the statute of limitations. The judgment is reversed.

### FACTS

Appellant was born on May 24, 1985. A complaint was filed on his behalf against defendants on Monday, May 24, 1993, alleging medical negligence occurring on the date of his birth.

Defendants demurred contending the complaint was untimely as it was not filed prior to the minor's eighth birthday as provided for under the relevant code section. The court agreed and dismissed the complaint and minor appealed.

### DISCUSSION

■ The issue before us involves the interplay of two statutes with the birthday rule. The statute of limitations for an action brought by a minor under the age of six against a health provider is set forth as follows: "In an

*Before Sills, P. J., Crosby, J., and Rylaarsdam, J.

action for an injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of an action shall be three years after the date of the injury . . . except that actions by a minor under the full age of six years shall be commenced within three years or prior to his eighth birthday whichever provides a longer period." (Code Civ. Proc., § 340.5; all further statutory references are to the Code of Civil Procedure unless otherwise indicated.)

Under section 12a, "If the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then that period is hereby extended to and including the next day which is not a holiday. . . . [¶] This section applies . . . to all other provisions of law, however stated or wherever expressed, providing or requiring an act be performed on a particular day or within a specified period of time."

Here, appellant contends filing the complaint on appellant's eighth birthday was appropriate because that day was a Monday and the last date to file the action would have been a holiday, i.e., Sunday.

Under the birthday rule, a person obtains a certain age on the first minute of his or her birthday. (Civ. Code, former § 26; *In re Harris* (1993) 5 Cal.4th 813, 844 [21 Cal.Rptr.2d 373, 855 P.2d 391].) As the California Supreme Court noted in that case, "absent an expression of contrary legislative intent, [this rule] generally applies to all statutory calculations of age." (*Id.* at p. 849.)

Here, appellant became eight years old on the first minute of May 24, 1993. Appellant contends filing the complaint on appellant's eighth birthday was appropriate because that day was a Monday and the last day to file that action would have been on a holiday, i.e., Sunday, the filing on the next day was permissible. Respondent, on the other hand, argues the provisions of section 12a do not apply because section 340.5 specifically requires the action to be filed "prior to" the minor's eighth birthday. We agree with appellant.

While other courts have declined to extend the time within which an action must be performed, those cases involve situations where the last date upon which to act was a specified number of days before a date certain. (See *Griffin* v. *Dingley* (1896) 114 Cal. 481 [46 P. 457] [certificate of nomination was to be filed not less than 30 days before date of election]; *Steele* v. *Bartlett* (1941) 18 Cal.2d 573 [116 P.2d 780] [person seeking office must file nominating papers 31 days before election].)

These cases are distinguishable in that they deal with statutes requiring a calculation back from a given date. (*DeLeon* v. *Bay Area Rapid Transit Dist.* (1983) 33 Cal.3d 456, 458-459 [189 Cal.Rptr. 181, 658 P.2d 108].)

In reviewing both section 12a and section 340.5, we see no reason why appellant should not have the benefit of the provisions of section 12a. Here, the last day upon which to file the action was a Sunday. Under a plain reading of section 12a, appellant had until the next business day to file the action. Such an outcome would be no different if the issue had been raised under any other statute of limitations providing for filing an action within one, two or three years after the injury.

The judgment is reversed. Appellant shall recover his costs on appeal.