[No. B140643. Second Dist., Div. Seven. Aug. 27, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
INTERNATIONAL FIDELITY INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## OPINION

**LILLIE, P. J.**—International Fidelity Insurance Company (IFIC), surety on a bail bond, appeals from an order denying its motion to set aside a May 7, 1999, summary judgment and exonerate bail.[1] The principal issue on appeal is whether the May 7, 1999, summary judgment was void for premature entry because a previous February 16, 1999, order properly tolled the 185-day period of Penal Code section 1305 for 90 days, or until May 17, 1999. In turn, the timeliness of the February 16, 1999, order depends on whether Civil Code section 11 or Code of Civil Procedure section 12a applies to extend the 185-day statutory period when, as here, the 185th day falls on a holiday.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts are undisputed. On August 2, 1998, IFIC posted a $50,000 bail bond for the release of felony defendant Juan F. Lopez from custody. On August 10, 1998, Lopez failed to appear in court and bail was declared forfeited. A notice of forfeiture of the bond was mailed on August 12, 1998. The 185th day after such mailing was February 13, 1999, a Saturday and holiday; the following Monday was an official court holiday, when courts were not open for business. Tuesday, February 16, 1999, was the next business day after February 13, on which the courts were open. On February 16, 1999, the 188th day after mailing of notice of forfeiture, IFIC requested, and the court granted, a 90-day tolling of the 185-day period.[2] The 90th day after February 16, 1999, was May 17, 1999. On May 7, 1999, summary judgment was entered against IFIC on the forfeiture.

On October 15, 1999, ICIF filed a motion to set aside the summary judgment and exonerate bail. The County of Los Angeles (County) filed opposition to the motion. County did not contest IFIC's computation of days or the characterization of Saturday, Sunday, and Monday, February 13 to 15, 1999, as holidays within the meaning of Civil Code section 11; however, County contended that section 11 did not apply to the statutes affecting relief from bail forfeiture. According to County, the February 16 request and order tolling the time was untimely and void, so that the May 7 summary judgment

---

[1]In the trial court, IFIC brought companion proceedings regarding the bail bonds for each of two criminal defendants, Juan Francisco Lopez and Jesus Gerado Sanchez; each defendant was charged in a separate case. Appellant's brief on appeal only refers to the bail bond and proceedings involving Lopez, so we deem this appeal only to pertain to the bond for Lopez.

[2]In the absence of anything to the contrary in our record, we infer that IFIC's request to toll or extend the 185-day period was made when it appeared in court on February 16, 1999. There is no indication in our record that the request was made by written motion or otherwise prior to February 16, 1999.

against IFIC was properly entered within 90 days of the expiration of the 185-day period. (See Pen. Code, § 1306, subds. (a) & (c).)[3]

After hearing, the court denied the motion on December 7, 1999.[4] IFIC filed notice of appeal from the order denying its motion.

Appellant contends that the May 7, 1999, summary judgment on the forfeiture was premature and void because it was entered during the 90-day tolling period which began on February 16, 1999; the February 16 order was timely because the 185th day of the statutory period to request such tolling was a Saturday, and the following Monday was a holiday. Under Civil Code section 11 and Code of Civil Procedure section 12a, the time to request tolling was thus extended to the next business day after the holidays, or February 16.[5]

## DISCUSSION

The purpose of bail and forfeiture statutes is to insure the attendance of the accused and his obedience to court orders and judgments; it does not have as a goal revenue for the state or punishment to the surety. (*People v. American Surety Ins. Co.* (1999) 75 Cal.App.4th 719, 725 [89 Cal.Rptr.2d 422].) Because the law disfavors forfeitures and statutes imposing them, sections 1305 and 1306 are strictly construed in favor of the surety to avoid harsh results. (*Ibid.*) Moreover, the provisions of sections 1305 and 1306 must be strictly followed or the court acts in excess of its jurisdiction. (*Ibid.*)

Thus, the failure to follow the jurisdictional prescriptions in sections 1305 and 1306 renders a summary judgment on the bail bond void. (*County of Los Angeles v. Ranger Ins. Co.* (1999) 70 Cal.App.4th 10, 16 [82 Cal.Rptr.2d 214].)

"[Penal Code s]ection 1305, subdivisions (c), (d), and (e), provides a 180-day period, plus five days, running from the mailing of notice of

---

[3]Unless otherwise specified, statutory references are to the Penal Code.

[4]Appellant does not refer to, or address the significance of, the notation in the December 7, 1999, minute order, that "The court reaffirmed forfeiture on 5-19-99." County counsel did not appear at the hearing on IFIC's motion on December 7, 1999. Appellant does not challenge the purported May 19 order. On this appeal, we do not intend to address the validity of any "reaffirmation" of forfeiture. Here, we address only the May 7, 1999, summary judgment and appellant's motion challenging the May 7, 1999, summary judgment.

[5]Because the points were conceded by County below, we assume for purposes of this appeal that February 13, 14, and 15, 1999, were holidays within the meaning of Civil Code section 11 and Code of Civil Procedure section 12a.

forfeiture, within which a surety may obtain relief by various means, including the filing of a motion to vacate. Section 1305.4 allows an extension of up to 180 days beyond the original 180-day period, upon motion supported by a showing of good cause." (*County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 943 [101 Cal.Rptr.2d 320].) "If the period of time specified elapses without the forfeiture having been set aside, the court has 90 days after the date when summary judgment could first be entered within which to enter that judgment against the bond agent; otherwise, the right to do so expires and the bail is exonerated. (§ 1306.)" (*People v. Ranger Ins. Co.* (2000) 77 Cal.App.4th 813, 815 [91 Cal.Rptr.2d 907].) Thus, when notice of forfeiture is mailed, the 180-day period is extended five days, to 185 days. The provision in section 1305, subdivision (b), which extends for five days the 180-day period, also extends the period provided in section 1306, within which the court may enter summary judgment. (*People v. Ranger Ins. Co., supra*, at p. 815.)

■ A motion for an order extending the 180-day period is governed by section 1305.4. That section provides that such a motion may be filed and calendared as provided in section 1305, subdivision (i). Section 1305, subdivision (i), provides that a motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period.

In this case, in the court below, County did not challenge IFIC's contention that it had 185 days from the date of mailing the notice of forfeiture to file a motion or to seek an extension of time. Where, as here, the 185th day within which a motion for extension must be filed falls on a holiday, the principle of strict construction in favor of the surety requires that Code of Civil Procedure section 12a apply. The surety was thus permitted to seek and obtain an extension of time on the next business day after the holidays, i.e., on February 16.

Code of Civil Procedure section 12a provides in pertinent part: "If the last day for the performance of any act provided or required by law to be performed within a specified period of time shall be a holiday, then that period is hereby extended to and including the next day which is not a holiday. . . . [¶] This section applies also . . . to all other provisions of law, however stated or wherever expressed, providing or requiring an act to be performed on a particular day or within a specified period of time."

"Various decisions of the appellate courts of the State of California have held that the provisions of [Code of Civil Procedure] section 12a apply to a

wide assortment of acts provided or required by law to be done within a particular time frame. Thus, in *DeLeon* v. *Bay Area Rapid Transit Dist.* (1983) 33 Cal.3d 456, 460-461 [189 Cal.Rptr. 181, 658 P.2d 108], the Supreme Court held that [Code of Civil Procedure] section 12a extended the time within which to bring an action against a public entity as set forth in Government Code section 945.6. In *Humes* v. *MarGil Ventures, Inc.* (1985) 174 Cal.App.3d 486, 498 [220 Cal.Rptr. 186], the Court of Appeal held that [Code of Civil Procedure] section 12a acted to extend the time within which a respondent had to file a response to a petition to confirm a decision of the Labor Commission. And in *Ystrom* v. *Handel* (1988) 205 Cal.App.3d 144, 148 [252 Cal.Rptr. 110], the Court of Appeal held that [Code of Civil Procedure] section 12a applied to the calculation of time within which service must be effected pursuant to [Code of Civil Procedure] section 583.210. These decisions have been guided by the recognition that ' "[Code of Civil Procedure] [s]ection 12a states a general rule regarding the computation of the time allowed for doing an act provided or required by law. [Citations.] Consistent with the need for certainty in the method of computing time, a case will not be found to come under an exception to the general rule unless there is a clear expression of provision for a different method of computation. [Citation.]" ' " (*McAvoy* v. *Harvey L. Lerer, Inc.* (1995) 35 Cal.App.4th 1128, 1131 [41 Cal.Rptr.2d 803].)

We are unaware of any authority that Code of Civil Procedure section 12a should not apply in the instant circumstances. There is no indication that the application of section 12a would be inconsistent with the provisions or the purposes of the statutes governing forfeiture or exoneration of bail. Accordingly, the February 16, 1999, order extending time for 90 days was valid. The May 7, 1999, summary judgment was prematurely entered during that extension period, and was therefore void.

To the extent that appellant seeks relief other than the vacation of the May 7, 1999, summary judgment, we conclude that appellant has not provided any authority for further relief under the circumstances here. (See fn. 4, *ante.*)

DISPOSITION

The order denying IFIC's motion to set aside summary judgment is reversed and on remand the trial court is directed to grant that part of the

motion seeking to set aside the May 7, 1999, summary judgment and to deny the motion in all other respects. Appellant is to bear its own costs on appeal.

Johnson, J., and Boland, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.