[No. S120474. July 22, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
AMERICAN CONTRACTORS INDEMNITY CO., Defendant and
Appellant.

654

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez, for Defendant and Appellant.

Benjamin P. de Mayo, County Counsel, and Wendy J. Phillips, Deputy County Counsel, for Plaintiff and Respondent.

Jennifer B. Henning and Doraine F. Meyer for California State Association of Counties as Amicus Curiae on behalf of Plaintiff and Respondent.

## OPINION

**BROWN, J.—** ■ When a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond. (Pen. Code, § 1305, subd. (a).[1]) The surety that posted the bond then has a statutory "appearance" period in which either to produce the accused in court and have the forfeiture set aside, or to demonstrate other circumstances requiring the court to vacate the forfeiture. If the forfeiture is not set aside by the end of the appearance period, the court is required to enter summary judgment against the surety. (§ 1306, subd. (a).) The issue in this case is whether a summary judgment entered on the last day of the appearance period, or one day prematurely, is void or merely voidable. We also consider whether the surety may collaterally attack the premature judgment 11 months after its entry.

We conclude the premature summary judgment entered here was voidable, and not void. Thus, while it was subject to correction by appeal or a timely motion to vacate the judgment, there is no basis under the circumstances of this case to set it aside by collateral attack once it was final. In particular, here we need not rely on estoppel principles, but simply on the rule that collateral attack on a voidable but final judgment is not available absent unusual circumstances, not present here, that precluded earlier challenge of the judgment. We therefore affirm the judgment of the Court of Appeal.

## I. BACKGROUND REGARDING BAIL BOND STATUTES

■ While bail bond proceedings occur in connection with criminal prosecutions, they are independent from and collateral to the prosecutions and are civil in nature. (*People v. Wilcox* (1960) 53 Cal.2d 651, 654 [2 Cal.Rptr. 754, 349 P.2d 522].) "The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court." (*Id.* at pp. 656–657; see *Stack v. Boyle* (1951) 342 U.S. 1, 5 [96 L.Ed. 3, 72 S.Ct. 1] ["Like the ancient practice of securing the oaths of responsible persons to stand as sureties for the accused, the modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused"].) "In matters of this kind there should be no element of revenue to the state nor punishment of the surety." (*Wilcox*, at p. 657.) ■ Nevertheless, the "bail bond is a contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond." (*People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 22 [36 Cal.Rptr.2d 807].) Thus, when there is a breach of this contract, the bond

---

[1] All further undesignated statutory references are to this code.

should be enforced. (See *People v. North Beach Bonding Co.* (1974) 36 Cal.App.3d 663, 675 [111 Cal.Rptr. 757].)

■ When a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond. (§ 1305, subd. (a).)[2] The 185 days after the date the clerk of the court mails a notice of forfeiture (180 days plus five days for mailing) to the appropriate parties is known as the appearance period. (§ 1305, subd. (b).) During this time, the surety on the bond is entitled to move to have the forfeiture vacated and the bond exonerated on certain grounds, such as an appearance in court by the accused. (§ 1305, subd. (c)(1).) The trial court may also toll the appearance period under certain circumstances, or extend the period by no more than 180 days from the date the trial court orders the extension, provided that the surety files its motion before the original 185-day appearance period expires and demonstrates good cause for the extension. (§§ 1305, subds. (e), (i), 1305.4.)

■ After the appearance period expires, the trial court has 90 days to enter summary judgment on the bond.[3] (§ 1306, subds. (a), (c).)[4] If summary judgment is not entered within the statutory 90-day period, the bond is exonerated. (§ 1306, subd. (c).)

---

[2] Section 1305 provides in relevant part: "(a) A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for [particular procedural events]: [¶] . . . [¶] (c)(1) If the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if the notice is required under subdivision (b), the court shall, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. . . ."

[3] We have no occasion to consider in this case whether the filing of a motion for extension of the appearance period (or a motion to vacate forfeiture) extends the commencement of the 90-day period for entering summary judgment. (See §§ 1305, subd. (i), 1305.4, 1306, subd. (a); cf. *People v. Granite State Ins. Co.* (2003) 114 Cal.App.4th 758, 763, 770 [7 Cal.Rptr.3d 887] [timely motion to vacate forfeiture decided after expiration of appearance period results in 90-day summary judgment period commencing after motion denied].)

[4] Section 1306 provides in relevant part: "(a) When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. The judgment shall be the amount of the bond plus costs, and notwithstanding any other law, no penalty assessments shall be levied or added to the judgment. [¶] . . . [¶] (c) If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

## II. Factual and Procedural Background

The relevant facts are undisputed and taken largely from the Court of Appeal opinion. On September 19, 1999, defendant American Contractors Indemnity Company (ACIC) issued a $50,000 bail bond to secure the release of Juan P. Garcia (Garcia or accused), a criminal defendant. On August 7, 2000, Garcia failed to appear for trial, and the bail bond was ordered forfeited. On August 14, 2000, the clerk of the court mailed notice of forfeiture to ACIC and its bail agent.

February 15, 2001, was the 185th day after the notice of forfeiture was mailed. On the same date, the trial court entered summary judgment against ACIC on the bail bond. The summary judgment was therefore premature because it was entered on the last day of the appearance period. ACIC did not appeal the judgment, which became final 60 days from the mailing of the notice of entry of judgment in February 2001.[5] (Cal. Rules of Court, rule 2(a)(1).)

On February 14, 2001, the day before summary judgment was entered, ACIC filed a motion to extend the appearance period. On March 5, 2001, the trial court ordered the appearance period extended to October 5, 2001.[6] On March 6, 2001, the People filed a demand for payment of the summary judgment, and on December 13 and 18, 2001, respectively, the People served and filed an amended demand for payment.

On January 7, 2002, 94 days after October 5, 2001, ACIC filed a motion to set aside the summary judgment, discharge the forfeiture, and exonerate the bail. It argued that the summary judgment was void because it was entered prematurely.

Assuming that the summary judgment had never been entered, the last day the trial court could have entered summary judgment was January 3, 2002, 90

---

[5] While it is unclear from the record, ACIC does not dispute that notice of entry of judgment was given. Moreover, section 1308, subdivision (b) provides, "The clerk of the court in which the judgment is rendered shall serve notice of the entry of the summary judgment upon the judgment debtor within five days after the date of the entry of the summary judgment." We presume, particularly in the absence of any indication by ACIC otherwise, that the clerk performed this duty. (Evid. Code, § 664 ["It is presumed that official duty has been regularly performed"].) The judgment was therefore final 60 days after the mailing of such notice, or long before ACIC's January 2002 motion to set aside the summary judgment. (Cal. Rules of Court, rule 2(a)(1).)

[6] It is not clear on what basis this extension was granted, given summary judgment had previously been entered on February 15, 2001. Nor is any argument made regarding the validity of the trial court's extension of the appearance period for more than the statutorily allowed 180 days.

days after the expiration of the appearance period, and four days before ACIC filed its motion. Garcia was not produced in court at any time relevant to these proceedings.

The trial court denied the motion to set aside the judgment, discharge the forfeiture, and exonerate the bail. It stated that the extension of the appearance time granted in March 2001 "was in essence without basis and void" because the time to request such an extension had already expired. The court further stated the summary judgment was not premature. Even if it was premature, the court found the surety had failed to timely raise the issue, and hence it lacked jurisdiction to grant the motion. Finally, even if there was jurisdiction, the court concluded the motion should be denied on the grounds of unclean hands and waiver.

The Court of Appeal affirmed. Expressly disagreeing with *People v. Ranger Ins. Co.* (2002) 99 Cal.App.4th 1229 [122 Cal.Rptr.2d 371] (*Ranger*) and *People v. International Fidelity Ins. Co.* (2001) 92 Cal.App.4th 470 [112 Cal.Rptr.2d 1] (*International Fidelity*), it concluded the prematurely entered summary judgment was merely voidable, not void, and that ACIC's challenge to the judgment was barred by the doctrines of estoppel and disfavor of collateral attack.

We granted ACIC's petition for review.

### III. DISCUSSION

The parties agree that under section 1306, subdivision (c), summary judgment in this case was premature because it was entered on the last day of the appearance period. The issue is whether this error rendered the judgment voidable or void, and whether, if it is merely voidable, it was subject to collateral attack long after the judgment was final.

The term "jurisdiction," "used continuously in a variety of situations, has so many different meanings that no single statement can be entirely satisfactory as a definition." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 287 [109 P.2d 942] (*Abelleira*).) Essentially, jurisdictional errors are of two types. "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties." (*Id.* at p. 288.) When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and "thus vulnerable to direct or collateral attack at any time." (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 119 [101 Cal.Rptr. 745, 496 P.2d 817] (*Barquis*).)

■ However, "in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations." (*Abelleira, supra,* 17 Cal.2d at p. 288.) It may also "be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." (*Ibid.*) " '[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction.' " (*Id.* at p. 290.) When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 55 [14 Cal.Rptr.3d 50, 90 P.3d 1209]; *Conservatorship of O'Connor* (1996) 48 Cal.App.4th 1076, 1088 [56 Cal.Rptr.2d 386].) That is, its act or judgment is valid until it is set aside, and a party may be precluded from setting it aside by "principles of estoppel, disfavor of collateral attack or res judicata." (*Conservatorship of O'Connor,* at p. 1088.) Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless "unusual circumstances were present which prevented an earlier and more appropriate attack." (*Pacific Mut. Life Ins. Co. v. McConnell* (1955) 44 Cal.2d 715, 727 [285 P.2d 636]; *id.* at p. 725 [general rule is that a "final judgment or order is res judicata" and not subject to collateral attack "even though contrary to statute where the court has jurisdiction in the fundamental sense, i.e., of the subject matter and the parties"]; 2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 323, p. 899.)

■ In determining whether a prematurely entered summary judgment is void or voidable, we look first to the language of the statute. ■ Here, sections 1305 and 1306 expressly provide that in circumstances not present in this case, if a court or court clerk fails to perform in a specific manner, the surety is released of all obligations or the bond is exonerated. Thus, if a clerk fails to give timely notice of the forfeiture, the surety is "released of all obligations under the bond." (§ 1305, subd. (b); *People v. American Contractors Indemnity Co.* (2001) 91 Cal.App.4th 799, 806–807 [110 Cal.Rptr.2d 799].) Similarly, if summary judgment is entered *after* expiration of the 90-day period, section 1306 expressly provides that the bond is exonerated. (§ 1306, subd. (c) ["If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated"]; *People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 303 [38 Cal.Rptr.2d 167] [summary judgment void and bail exonerated as a matter of law since judgment entered several months after expiration of 90-day period].)

By contrast, as the People observe, there "is no similar statutory provision declaring the surety released from its obligations if the judgment is entered prematurely." Here, the bond had been forfeited, and the matter was under the court's jurisdiction for the 185-day period the surety has to move to set aside the forfeiture. That the court may have failed to follow the procedural requirements to enter judgment properly did not affect the court's statutory control and jurisdiction over the bond. Indeed, ACIC concedes the court had subject matter jurisdiction at the time it prematurely entered summary judgment.

*Barquis, supra,* 7 Cal.3d 94, is illustrative. In *Barquis,* the plaintiffs alleged the defendant collection agency violated former Code of Civil Procedure section 396a by "filing actions in improper counties, pursuant to statutorily inadequate complaints, for the purpose of impairing its adversaries' ability to defend these actions, and with the intent, and effect, of obtaining an increased number of default judgments." (*Barquis,* at pp. 97–98.) Due to a statutory exception, the general rule that failure to move for a change of venue constitutes a waiver of any venue defects was inapplicable. (*Id.* at p. 115.) We nevertheless concluded that "when a trial court erroneously fails to dismiss or transfer the action and the defendant *does not raise a timely objection* to such error, . . . a final judgment rendered on an inadequate complaint is not void for lack of jurisdiction and thus cannot be set aside at any time in the future." (*Id.* at p. 116.)

We observed that while former Code of Civil Procedure section 396a was "intended to protect litigants against the evil of distantly obtained default judgments, the section contemplates that the trial judge's independent scrutiny of the plaintiff's complaint in the original action will afford such protection. . . . [I]f the trial judge fails to discover a deficient complaint and erroneously permits the entry of a default judgment, a defendant retains the right to challenge such judgment either on appeal or by motion to set aside the default judgment. . . . [S]uch error does not deprive the trial court of 'jurisdiction' in the fundamental sense, and therefore . . . plaintiffs may not collaterally attack such judgments long after they have become final." (*Barquis, supra,* 7 Cal.3d at p. 99.) We further observed no constitutional infirmity rendered the judgments void, given the plaintiffs had received "notice of the full amount sought in the collection agency's action." (*Id.* at p. 120, fn. 25.)

■ Similarly, the court's failure to comply with section 1306 by prematurely entering summary judgment "does not effect a fundamental loss of jurisdiction, i.e., 'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' " (*People v. Superior Court (Marks)* (1991) 1 Cal.4th 56, 66 [2 Cal.Rptr.2d 389, 820 P.2d

613].) As the People observe, "Here, the trial court retained fundamental jurisdiction at the time it entered summary judgment. Under the Penal Code, a court has jurisdiction over a bail bond from the point that it is issued until the point it is either satisfied, exonerated, or time expires to enter summary judgment after forfeiture." Moreover, as in *Barquis*, we encounter no "constitutional infirmities." ACIC does not contend it did not receive notice of the entry of summary judgment or the amount of that judgment. (*Barquis, supra,* 7 Cal.3d at p. 120, fn. 25.) The trial court's erroneous entry of summary judgment on the 185th instead of the 186th day did not deprive the court of jurisdiction over the subject matter of the bail bond forfeiture or personal jurisdiction over the surety, and thus the premature entry of summary judgment was voidable, not void.

The contrary Court of Appeal conclusions in *Ranger, supra,* 99 Cal.App.4th 1229, and *International Fidelity, supra,* 92 Cal.App.4th 470, do not compel a different result. In *International Fidelity,* the court first concluded the surety's motion for an order extending the appearance period was timely filed. It then concluded without any analysis that the "summary judgment was prematurely entered during [the] extension period, and was therefore void." (*International Fidelity,* at p. 475.) In *Ranger,* the court concluded an order extending the appearance period was valid, and "[i]t necessarily follows that the summary judgment order . . . 'was prematurely entered during that extension period, and was therefore void.' " (*Ranger,* at p. 1235, quoting *International Fidelity,* at p. 475.) Neither case contains any discussion of the distinction between void and voidable judgments.[7]

Moreover, no exceptional circumstances in this case precluded an earlier or more appropriate attack on the premature judgment; hence it is not subject to collateral attack nearly a year after its entry.[8] (*Pacific Mut. Life Ins. Co. v. McConnell, supra,* 44 Cal.2d at pp. 725, 727; 2 Witkin, Cal. Procedure, *supra,* Jurisdiction, § 323, p. 899.) A surety has the same opportunity as any other litigant to alert a court to judicial mistakes. Here, ACIC could have moved to set aside the judgment or appealed its erroneous entry. It did not do so.

ACIC asserts that summary judgment in a bail bond proceeding is a consent judgment from which there is no appeal. (*People v. Hodges* (1928) 205 Cal. 476, 477–478 [271 P. 897] [rejecting claim that judgment was irregularly entered and dismissing appeal]; *People v. National Auto. & Cas.*

---

[7] *People v. Ranger Ins. Co., supra,* 99 Cal.App.4th 1229, and *People v. International Fidelity Ins. Co., supra,* 92 Cal.App.4th 470, are disapproved to the extent they are inconsistent with this opinion.

[8] ACIC makes no argument that Code of Civil Procedure section 473 applies under these circumstances, or that its January 7, 2002, motion was timely under this section.

*Co.* (1966) 242 Cal.App.2d 150, 152, fn. 2 [51 Cal.Rptr. 212] [summary judgment is a consent judgment and not appealable; "therefore, [we] regard the matter as a premature notice of appeal from the order denying appellant's motion to strike and vacate the judgment, a special order after final judgment, and, therefore, appealable"].) However, numerous courts have reasonably held such judgments are appealable where "the judgment was not entered in accordance with the consent given in the undertaking." (*County of Los Angeles v. Surety Ins. Co.* (1985) 164 Cal.App.3d 1221, 1224 [211 Cal.Rptr. 201]; see, e.g., *County of Los Angeles v. American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 795 [52 Cal.Rptr.2d 75] [summary judgment " 'not entered in compliance with the consent given' " is appealable]; *County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 60 [208 Cal.Rptr. 263] ["While the summary judgment is regarded as a 'consent' judgment, it is now established that the judgment, a final determination of the rights of the parties, is appealable"].)

ACIC argues that had it appealed the summary judgment, "it would have removed the trial court's jurisdiction to consider the motion for relief from forfeiture which was pending, since the taking of an appeal deprives the trial court of jurisdiction to consider any 'matters embraced therein and affected thereby.' Code of Civ. Proc. § 916 . . . . The surety's statutory right to seek relief from forfeiture within the 180-day period or any extension thereof is cut off by the premature entry of summary judgment, particularly if an appeal is taken from such judgment." ACIC also observes that "if judgment were prematurely entered and an appeal therefrom taken, the trial court would no longer have jurisdiction to . . . exonerate bail if the defendant were appre-hended and returned to court."

These concerns are overstated. Presumably, if the voidable summary judgment is set aside on appeal, it is as if it was never entered. If, on the other hand, the judgment is affirmed, it is no longer relevant, for example, whether the defendant is subsequently produced.

ACIC argues that "premature entry of summary judgment disrupts the orderly implementation of [the] jurisdictional time limitations and throws into confusion the operation of the 180-day period." It is difficult to see how such confusion would arise. The surety is on notice of the entry of judgment, and can move to have the judgment set aside or appeal it. Here, for example, it is likely that the trial court would have set aside the February 15, 2001, judgment had its premature entry been brought promptly to the court's attention, and granted, as it did in this case, ACIC's previously filed motion to extend the appearance period.

ACIC relies on *Tabor v. Superior Court* (1946) 28 Cal.2d 505, 508 [170 P.2d 667], which held that a "premature notice of intention to move for a new trial was 'a nullity and ineffectual for any purpose' and that in the absence of the filing of a timely notice, [the] court was without power to entertain the motion." (See *id.* at p. 509 ["All proceedings for a new trial having been abortive in this case, [the] court lacked jurisdiction to grant the motion, and its order purporting to grant a new trial was 'void and of no force or effect . . . as completely as if never entered' "].) As we observed over 30 years ago in *Barquis*, however, *Tabor* is distinguishable from cases involving collateral attacks on a voidable judgment or order because the order in *Tabor* was attacked by extraordinary writ while the trial court proceeding was ongoing, not after it was final as in this case. (*Barquis, supra,* 7 Cal.3d at p. 120, fn. 25.)

ACIC asserts estoppel is inappropriate in this case because "Once the trial court entered judgment prematurely, appellant had no duty to speak regarding the court's improvident action. Indeed, since the premature judgment was a defensive matter which unless corrected by the People or the trial court would release appellant from liability, appellant's counsel had a duty to remain silent on behalf [of] its client and to allow the defense to mature, the same as a defendant in a civil action has a right, and his counsel a duty, to remain silent and allow a statute of limitations defense to mature."

Whatever the merits of such a waiting game if the judgment is void, it fails if the judgment is, as we have concluded, voidable. In particular, here we need not rely on estoppel principles, but simply on the rule that collateral attack on a voidable but final judgment is not available absent unusual circumstances, not present in this case, that precluded earlier challenge of the judgment. Rather, a voidable judgment must be challenged while the trial court or Court of Appeal can still correct the mistake. ACIC concedes in its above argument it knew the judgment was premature, and deliberately waited nearly a year until after the time to enter a timely judgment had passed, before bringing the issue to the trial court's attention. Thus, there is no basis for us to conclude ACIC had no means to challenge the judgment earlier.

## DISPOSITION

The judgment of the Court of Appeal is affirmed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Moreno, J., concurred.