Filed 12/22/20  Li v. Chiu CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARLES LI,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>THAI MING CHIU et al.,<br><br>     Defendants and Appellants. | A156760<br><br>(City & County of San Francisco Super. Ct. No. CGC-14-537574) |

Judgment was entered against defendants Thai Ming Chiu, Kaman Liu, Cheuk Tin Yan, and Tina Yan in a fraudulent conveyance action.  The defendants previously appealed from the judgment, and in 2018, we issued an unpublished decision in which we directed that the judgment be modified in one aspect and otherwise affirmed the judgment.  After the trial court modified the judgment as directed, the defendants then moved to have the second amended judgment set aside as void under Code of Civil Procedure section 473, subdivision (d).  The trial court denied their motion, and defendants now appeal the order denying their motion to set aside the judgment.  We affirm.

## BACKGROUND

We draw many of the background facts of this case from our prior appellate decision in *Li v. Chiu* (May 31, 2018, A149849 [nonpub. opn.]) and

1

set out these facts for context only. (See *Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10.)

## I.     Professional Negligence Lawsuit—*Li v. Yan*

This dispute flows from a professional negligence action Charles Li filed against Demas Yan in 2010 involving Yan's representation of Li in lawsuits concerning property ownership rights. Following a bench trial in 2012, the trial court found that Yan had engaged in the unauthorized practice of law and was liable for professional negligence, breach of fiduciary duty, breach of contract, and fraud. Division Two of this court affirmed the judgment in *Li v. Yan* (2016) 247 Cal.App.4th 56. In June 2016, a fourth amended judgment was entered against Yan totaling $1,086,001.12, inclusive of damages, attorney fees, costs, and interest.

## II.    Fraudulent Conveyance Lawsuit

Through efforts to enforce the judgment, Li learned that Yan had transferred a residential property to a wholly owned limited liability company in 2007 and then, after trial commenced in the professional negligence action, Yan transferred his ownership interest in the LLC to relatives, purportedly to repay debts Yan owed. After the LLC was ordered to appear for an examination in connection with enforcement of the judgment against Yan, the property was transferred yet again to a newly formed LLC.

In February 2014, after learning of the various suspicious transactions involving the property, Li filed the complaint to set aside fraudulent transfers that gives rise to this appeal. Li named as defendants: Yan,[1] Tina Yan and Cheuk Tin Yan (Yan's parents), Thai Ming Chiu and Kaman Liu (both brothers-in-law of Yan), and the two LLC's that had held title to the property.

_____

[1] To avoid confusion, we refer to Demas Yan as Yan and to his parents by their full names.

2

The complaint alleged the various conveyances were made to prevent Li from satisfying his judgment against Yan. Li asserted claims for fraudulent transfer and alleged both actual fraud (Civ. Code, § 3439.04, subd. (a)(1)) as well as constructive fraud (Civ. Code, § 3439.05).

Li entered defaults against Yan and the two LLC's. The action proceeded against the remaining defendants—i.e., Yan's parents and his brothers-in-law. (We refer to the defendants who proceeded to trial as the "transferee defendants," as the parties do in their appellate briefs.) The trial court granted a motion for terminating sanctions against the transferee defendants, based upon their noncompliance with discovery obligations, and entered judgment in favor of Li. The transferee defendants moved for a new trial, and the trial court vacated the judgment and set the matter for trial but still barred Yan's parents from testifying.

A jury trial was conducted in tandem with a court trial on the transferee defendants' equitable title affirmative defense. Yan testified that in July 2012, he transferred his ownership in the first LLC as follows: 68.43 percent to his mother, Tina Yan; 25.83 percent to Chiu; and 5.74 percent to Liu. In November 2013, after Yan failed to appear for a debtor's exam as an agent for the LLC, the property was again transferred to a new LLC owned by the transferee defendants in the same percentages.

The jury returned special verdicts against the transferee defendants, finding each defendant liable for actual and constructive fraud. The trial court denied the transferee defendants equitable relief. The trial court entered default judgments against Yan and the two LLC's, and consistently with the special verdicts returned by the jury, the court entered judgment against each of the transferee defendants in the following amounts: $824,180.57 jointly against Yan's parents, Cheuk Tin Yan and Tina Yan;

3

$324,167.58 against Chiu; and $72,037.24 against Liu. The judgment declared Yan to be the sole owner of all legal and equitable interest in the property, for the purposes of satisfying the judgment.

The trial court granted Li's request for attorney fees and entered a first amended judgment that incorporated an award of attorney fees of $802,059.50.

## III. Defendants' Prior Appeal of Fraudulent Conveyance Judgment

In their appeal from the first amended judgment entered in the fraudulent conveyance case, the transferee defendants raised two issues: (1) that the trial court erred in granting Li's motions in limine preventing them from presenting certain evidence; and (2) that it was error to award attorney fees against the transferee defendants because they were not parties to the earlier action between Li and Yan and they cannot be liable for attorney fees incurred to enforce the judgment in the earlier action. We found in favor of the transferee defendants on the second issue only. We directed the trial court to enter a new amended judgment providing that the attorney fees award was to be imposed solely against defendant Demas Yan. We affirmed the judgment in all other respects. (*Li v. Chiu, supra*, A149849.)

## IV. Subsequent Trial Court Proceedings

On November 16, 2018, the trial court issued the second amended judgment. In accordance with this court's decision, the trial court modified the judgment to state that the attorney fees portion of the award may be recovered against Demas Yan only. The second amended judgment enumerates the judgments, orders and declarations as follows:

"A. Judgment of $824,180.57 is hereby entered jointly against Cheuk Tin Yan and Tina Yan.

"B. Judgment of $324,167.58 is hereby entered against Thai Ming Chiu.

"C. Judgment of $72,037.24 is hereby entered against KaMan Liu.

4

"D. The real property referred to herein is situated in the State of California, City and County of San Francisco . . . . It is referred to herein as the 'Subject Property.'

"E. Default judgment is hereby entered against defendants Demas Yan and 547 23rd Avenue, LLC. The transfer of the Subject Property from defendant Demas Yan to defendant 547 23rd Avenue, LLC . . . is fraudulent, void, and hereby set aside to the extent necessary to satisfy plaintiff's judgment against defendant Demas Yan in *Charles Li v. Demas Yan*, San Francisco Superior Court No. CGC-10-497990 . . . ('Underlying Judgment') . . . .

"F. The transfer of Demas Yan's membership interests in 547 23rd Avenue, LLC, from defendant Demas Yan to defendants Thai Ming Chiu, Kaman Liu, and Tina Yan was made with the intent to hinder, delay, or defraud plaintiff; was received without good faith and not in exchange for reasonably equivalent value; and is hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment;

"G. Default judgment is hereby entered against defendants 547 23rd Avenue, LLC and 547 Investments, LLC. The conveyance of the Subject Property from 547 23rd Avenue, LLC to defendant 547 Investments LLC . . . is fraudulent, void, and hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.

"H. For the purpose of satisfying plaintiff's Underlying Judgment, along with the costs and attorneys' fees specified in this Judgment, and for that purpose only, Demas Yan is DECLARED the sole owner of all legal and equitable title or interest in the Subject Property. Plaintiff may execute or

5

foreclose on the Subject Property to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.

"I. Plaintiff may seize, execute on, or foreclose on any real or personal property of any defendant provided that recovery against any defendant shall not exceed the money judgment amount entered above against that specific defendant, and further provided that plaintiff's aggregate recovery shall not exceed plaintiff's Underlying Judgment.

"J. The Court hereby Orders all defendants to do the following in relation to the Subject Property: (1) maintain, receive, and collect all rents, security deposits, and other rental or lease payments in the ordinary course of business; (2) maintain and continue payment on all required taxes, fees, mortgages, reasonable insurance, and reasonable expenses in the ordinary course of business; (3) secure and maintain all books, documents, and records relating to the matters in (1) and (2) in this Section, and render an accounting of the same upon request by plaintiff.

"K. The Court hereby ENJOINS all defendants from doing the following in relation to the Subject Property: (1) committing or permitting any waste on the Subject Property; (2) committing or permitting any act in violation of law; (3) removing, encumbering, wasting, or otherwise disposing of any of the fixtures on the property; (2) selling, transferring, disposing, encumbering, concealing, or otherwise transferring the Subject Property without a prior court order; and (3) doing any act that will impair the preservation of the Subject Property or plaintiff's interest in the Subject Property.

"L. Costs of $12,543.04 and attorneys' fees of $1,141,383.50 are hereby awarded to plaintiff. Plaintiff's recovery pursuant to Paragraph I above may

6

be increased to include these amounts, provided that attorneys' fees may only be recovered against Demas Yan." (*Sic.*)

On December 20, 2018, the transferee defendants filed a motion to set aside and/or modify the first and second amended judgments setting aside fraudulent transfers as void. The transferee defendants' motion, made pursuant to Code of Civil Procedure section 473, subdivision (d), argued that the first[2] and second amended judgments are void because they grant double recovery by (1) setting aside the transferred asset and permitting Li to seize and levy upon the asset and (2) entering money judgments against the transferee defendants.

On January 23, 2019, the trial court heard and denied the transferee defendants' motion, and on February 6, 2019, the trial court issued a written order denying the motion.

## DISCUSSION

The transferee defendants argue the second amended judgment is facially void because it grants relief beyond what is authorized by the Uniform Voidable Transactions Act (UVTA) (Civ. Code, § 3439 et seq.). Specifically, they argue the second amended judgment provides "dual remedies" because it both sets aside the fraudulent transfer and awards a money judgment. They assert the trial court acted in excess of its authority under the UVTA.

---

[2] The first amended judgment is not part of the record on appeal. Given that our prior decision directed the trial court to enter a new amended judgment providing the attorney fees award be imposed solely against Demas Yan (which became the second amended judgment), it is unclear why the transferee defendants included the first amended judgment in their motion to vacate. In any event, it is not part of the record and we focus our discussion on the second amended judgment entered in accordance with our prior decision.

7

Under Code of Civil Procedure section 473, subdivision (d), a trial court "may . . . set aside any void judgment or order." This provision grants a trial court the discretion to set aside a judgment or order at any time "if that judgment or order is 'void.' [Citation.] Voidness is a legal question we review de novo; the discretionary decision whether to set aside a void judgment or order is . . . reviewed solely for an abuse of that discretion." (*People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 232.)

We affirm the order denying the motion to set aside the judgment as void because the transferee defendants forfeited their "dual remedies" argument by failing to raise it in their prior appeal, the judgment is not void, and the transferee defendants have failed to provide an adequate record for review.

## I. "Dual Remedies" Argument Is Forfeited

The alleged "dual remedy" error asserted by the transferee defendants was apparent when they appealed the first amended judgment. Our prior decision summarizes the first amended judgment, which included the monetary judgments entered against each transferee defendant. (*Li v. Chiu*, *supra*, A149849, at p. 5.) In the prior appeal, the transferee defendants argued the trial court erroneously excluded certain evidence and that the court erred by awarding attorney fees against all defendants instead of against Yan only. (*Id.* at p. 1.) They acknowledge that in their prior appeal they did not raise any issues regarding the validity of the monetary judgments entered against them. The record provides no explanation for their failure to do so.

8

To the extent the judgment is erroneous because it includes remedies not authorized by statute,[3] the transferee defendants should have raised the issue in their direct appeal from the judgment. Having failed to do so, they are not permitted to now collaterally attack the judgment. (See *People v. Jordan* (2018) 21 Cal.App.5th 1136, 1143 [defendant precluded from pursuing "successive appeals based on issues ripe for consideration in the prior appeal and not brought in that proceeding"].)

## II. The Judgment Is Not Facially Void

In an apparent effort to avoid forfeiture, the transferee defendants argue that a judgment that is void on its face can be set aside at any time on a motion under Code of Civil Procedure section 473, subdivision (d). This

---

[3] Because we find the judgment is not void on its face, and therefore affirm the trial court's denial of the defendants' motion to set aside the judgment as void, we need not address the merits of the transferee defendants' collateral attack on the judgment. However, we note that the remedies provided in the UVTA include both avoidance of the transfer and judgment for the value of the asset transferred, which may be entered against the transferee. (Civ. Code, §§ 3439.07, subd. (a)(1), 3439.08, subd. (b)(1)(A).) The UVTA further provides a creditor may obtain: "Any other relief the circumstances may require." (Civ. Code, § 3439.07, subd. (a)(3)(C).) We also note that the judgment states the transfer is "set aside to the extent necessary to satisfy plaintiff's Underlying Judgment" and that: "Plaintiff may seize, execute on, or foreclose on any real or personal property of any defendant provided that recovery against any defendant shall not exceed the money judgment amount entered above against that specific defendant, and further provided that *plaintiff's aggregate recovery shall not exceed plaintiff's Underlying Judgment. . . .*" (Italics added.)

As discussed above, the defendants have provided an inadequate record which precludes any meaningful review. The defendants' argument that the judgment improperly awards a double recovery to Li is not apparent from our reading of the relevant statutes and the judgment, which expressly provides the "aggregate recovery shall not exceed plaintiff's Underlying Judgment."

9

argument is unavailing because, as explained below, the second amended judgment is not void on its face.

In *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653 (*American Contractors*), our high court explained the type of jurisdictional error that renders a judgment void: "Essentially, jurisdictional errors are of two types. 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.] When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' [Citation.] [¶] However, ' . . . the phrase "lack of jurisdiction" ' . . . may also 'be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief . . . .' [Citation.] ' "[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction." ' [Citation.] When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. [Citations.] That is, its act or judgment is valid until set aside, and a party may be precluded from setting it aside by 'principles of estoppel, disfavor of collateral attack or res judicata.' [Citation.] Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless 'unusual circumstances were present which prevented an earlier and more appropriate attack.' " (*Id.* at p. 661; see *Lee v. An* (2008) 168 Cal.App.4th 558, 565 [" 'A court can lack fundamental authority over the subject matter, question presented, or party, making its

10

judgment void, or it can merely act in excess of its jurisdiction or defined power, rendering the judgment voidable' "].)

Here, the transferee defendants attack the judgment on the grounds that it awards "dual remedies" that are "in excess of authority" under the UVTA. They do not claim that the trial court lacked personal or subject matter jurisdiction. " ' "If a judgment, no matter how erroneous, is within the jurisdiction of the court, it can only be reviewed and corrected by one of the established methods of *direct* attack." ' " (*Estate of Buck* (1994) 29 Cal.App.4th 1846, 1854.) Mistake of law is not a jurisdictional error. (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56.)

The transferee defendants rely on *311 South Spring Street Co. v. Department of General Services* (2009) 178 Cal.App.4th 1009 for the position that a judgment granting excessive relief may be collaterally attacked as void even if the issue was not raised in a prior appeal from the judgment. *311 South Spring Street Co.* held that a judgment imposing an unconstitutional postjudgment interest rate of 10 percent on a state agency (rather than 7 percent as provided in Cal. Const., art. XV, § 1 and Gov. Code, § 965.5) was void and subject to collateral attack because the trial court had acted in "excess of [its] jurisdiction . . . ." (*311 South Spring Street Co.*, at pp. 1015, 1018.) This holding appears to conflict with the California Supreme Court's holding in *American Contractors* that "[w]hen a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is [not void but] merely voidable." (*American Contractors*, *supra*, 33 Cal.4th at p. 661.) We decline to follow *311 South Spring Street Co.*

The transferee defendants' claim that the judgment violates the UVTA is not a fundamental jurisdictional error. Instead, their untimely assertion is that the trial court erroneously exercised its power. Such a claim does not

11

render the judgment void. (*American Contractors*, *supra*, 33 Cal.4th at p. 661.) Because the second amended judgment is not void, the trial court did not err when it denied the transferee defendants' motion to set aside judgment.

## III. Inadequate Record

An independent basis for affirming the trial court's order is that the transferee defendants failed to provide an adequate record for meaningful review. An appellant must affirmatively show error by an adequate record. " 'A necessary corollary to this rule [is] that a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed.' " (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)

The transferee defendants complain that the trial court's order does not explain how the court arrived at the decision to deny their motion to set aside judgment. But notably, the order specifically refers to the parties' briefing and the argument of counsel at the January 23, 2019 hearing. The register of actions confirms that Li filed an opposition to the motion, that the transferee defendants filed a reply brief, and that a hearing was held. In the appellants' appendix, the transferee defendants include their motion but not Li's opposition or the reply brief.

Nor have the transferee defendants provided either a reporter's transcript of the January 23, 2019 hearing or a settled statement, the "viable alternative to a reporter's transcript on appeal." (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 933; see Cal. Rules of Court, rule 8.137.) The trial court's order does not summarize what occurred at the hearing. The transferee defendants would have us find error based on a review of only the second

amended judgment and their own motion to vacate the judgment.  This we will not do.

## DISPOSITION

The order is affirmed.  Respondent is awarded his costs on appeal.

_____
Jackson, J.

WE CONCUR:


_____
Siggins, P. J.


_____
Petrou, J.


A156760/*Li v. Chiu*


14