Filed 5/15/14  Emmerson v. Regis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| CHRISTINE M. EMMERSON,<br><br>        Plaintiff, Cross-defendant and<br>Appellant,<br><br>        v.<br><br>TONY D. REGIS,<br><br>        Defendant, Cross-complainant and<br>Respondent. | C072320<br><br>(Super. Ct. No. 06AS02756) |

Christine M. Emmerson appeals from an order denying her motion to vacate a judgment entered in favor of respondent Tony D. Regis.  We dismiss the appeal for lack of jurisdiction because Emmerson filed an untimely notice of appeal.

BACKGROUND

Emmerson and Regis were never married but share a child in common.  On March 24, 2009, the trial court entered a judgment that, among other things, awarded $450,000 to Regis for the loss of his relationship with his child due to Emmerson's abduction of their daughter and subsequent eight-year period of withholding contact

1

between their daughter and Regis. On April 3, 2009, notice of entry of judgment was served.

On August 1, 2009, rather than appealing the judgment, Emmerson declared bankruptcy.

On June 28, 2011, the bankruptcy court determined the $450,000 award to Regis to be nondischargeable.

On May 31, 2012, this court summarily denied Emmerson's petition for writ of mandate. (*Emmerson v. Superior Court* (C071035, May 31, 2012) [nonpub. order].)

On June 21, 2012, Emmerson filed a motion to vacate the judgment.

On August 27, 2012, the trial court denied the motion to vacate the judgment.

On October 11, 2012, Emmerson appealed the order denying her motion to vacate.

EMMERSON'S NOTICE OF APPEAL WAS NOT TIMELY FILED

As the California Supreme Court has explained, "The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Servs., Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) The purpose of this requirement is to promote the finality of judgments by impelling the losing party to take an appeal expeditiously or not at all. (*In re Chavez* (2003) 30 Cal.4th 643, 650.)

Here, the deadline to file the notice of appeal was provided by California Rules of Court, rule 8.108(c),[1] which provides:

"Motion to vacate judgment [¶] If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move-- or a valid motion--to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of:

---

[1] Undesignated rule references are to the California Rules of Court.

2

(1) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order;

(2) 90 days after the first notice of intention to move -- or motion -- is filed; or

(3) 180 days after entry of judgment."

Emmerson's notice of appeal was untimely under rule 8.108(c) for two reasons:

First, Emmerson's motion to vacate was itself not valid, and therefore did not trigger the time-extension provision of rule 8.108(c). The record does not show when Emmerson filed her bankruptcy action. A petition in bankruptcy creates an automatic stay of all judicial proceedings against the debtor. (11 U.S.C. § 362(a).) Nonetheless, she failed to file her notice of appeal within the 60-day period after notice of entry of judgment and in the absence of a valid motion to vacate the judgment. (Rule 8.104(a)(1)(B).) Emmerson's motion to vacate the judgment was too late when filed nearly a year after the bankruptcy proceeding concluded on June 28, 2011. For lack of a valid motion to vacate the judgment, the time extension provided by rule 8.108(c) never took effect.[2]

Second, Emmerson's year-long delay from the end of the bankruptcy proceeding to the filing of her motion to vacate the judgment means more than 180 days elapsed after entry of judgment. For this reason, her notice of appeal was necessarily untimely under rule 8.108(c)(3).

---

[2]     Although Emmerson's counsel suggested at oral argument that a void judgment can be challenged at any time, this does not save the untimely notice of appeal filed in this case. Emmerson argues the judgment was based on mistakes committed by the trial court –- such as claimed erroneous reliance on a mediation report –- not lack of fundamental jurisdiction such as lack of personal service over a party or subject matter jurisdiction. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661.) Clearly having fundamental jurisdiction, the trial court in this case entered a judgment that is, at most, voidable. (*Ibid.*) We correct voidable judgments only in cases over which we have been conferred jurisdiction by a timely notice of appeal. (*Id.* at p. 665; *Adoption of Myah M.* (2011) 201 Cal.App.4th 1518, 1530.)

3

DISPOSITION

The appeal from the order denying the motion to vacate the judgment is dismissed. Respondent shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

                                                          HOCH        , J.

We concur:

          RAYE       , P. J.

   NICHOLSON   , J.

4