Filed 3/19/26  Marriage of Beas CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re Marriage of MARTHA and GILARDO BEAS. | |
| GILARDO BEAS,<br><br>    Respondent,<br><br>    v.<br><br>MARTHA BEAS,<br><br>    Appellant. | A171912<br><br>(San Francisco City & County Super. Ct. No. FDI17788725) |

## MEMORANDUM OPINION[1]

Martha Beas appeals from the trial court's August 2024 order denying her request for spousal support of $2,000 a month from respondent Gilardo Beas.[2]  The court denied her request because, in a June 2021 default

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] For clarity's sake, we refer to the parties by their first names and mean no disrespect by doing so.

1

judgment dissolving Martha's and Gilardo's marriage, it terminated its jurisdiction to order spousal support (June 2021 termination ruling).

Martha tried to persuade the court that the June 2021 termination ruling[3] presented no obstacle to a spousal support order because, since the court failed to make certain statutorily required findings at that time, it was void and unenforceable. The court was unpersuaded. It explained: "[Martha] argues that the Judgment is void, as this was a marriage of long duration and the Court did not make factual findings per Family Code 4320, 4330, and 4332. The court finds that jurisdiction was permissibly terminated as [Martha] did not request any such findings be made, and Family Code 4336 permits a court order terminating jurisdiction to award spousal support. [Martha] did not timely move to set aside the 7/22/2021 Judgment. [Martha's] request for permanent spousal support is denied as the Court's jurisdiction to make such an order as previously terminated."[4]

Now on appeal, Martha relies on a new argument—that the June 2021 termination ruling is void because, under the circumstances of her case, the court was required under Family Code section 4336 (section 4336), subdivision (a) to maintain jurisdiction indefinitely to order spousal support. In his responding brief, Gilardo argues we "should dismiss Martha's appeal because her challenge to the default judgment does not relate to whether it is void, but merely goes to whether the trial court made a legal error in arriving at the judgment." Gilardo overreaches in requesting dismissal of the appeal; we see no appealability issue, since Martha timely appealed from a post-

---

[3] Martha refers to her challenge as to the 2021 "judgment terminating spousal support," but the record indicates she challenged a termination ruling that is contained within the judgment. We will refer to her challenge as being to the "June 2021 termination ruling."

[4] As we have indicated, the judgment was actually filed on *June* 22, 2021.

2

judgment order. (Code Civ. Proc. § 904.1.) But putting that threshold issue to one side, he is correct on the merits.

For the reasons explained below, we shall affirm.

## DISCUSSION

Section 4336, subdivision (a) provides in relevant part, "Except on written agreement of the parties to the contrary or a court order terminating spousal support, the court retains jurisdiction indefinitely in a proceeding for dissolution of marriage or for legal separation of the parties where the marriage is of long duration." (§ 4336, subd. (a).)[5]

Martha's theory on appeal is that the court erred in denying her 2024 request for spousal support because the court premised its denial on the vitality of its 2021 termination ruling. She contends the June 2021 termination ruling is in fact void and unenforceable, as section 4336 required the court to maintain jurisdiction indefinitely in the absence of an agreement between the parties or a *prior* order of the court terminating spousal support, neither of which exist here.

We see no merit to this argument. The error Martha asserts is not an error—her reading of the governing statute is incorrect, since many kinds of specific orders may be and often are set forth within a dissolution judgment— but even taking her interpretation of section 4336 on its own terms, at most the argument would render the June 2021 termination ruling voidable, so she forfeited it by failing to raise it in the trial court.

---

[5] The court's 2021 judgment indicates the marriage exceeded 20 years in duration. The parties do not dispute that it therefore qualifies as a marriage of "long duration." (See Fam. Code, § 4336, subd. (b) [stating in relevant part, "For the purpose of retaining jurisdiction, there is a presumption affecting the burden of producing evidence that a marriage of 10 years or more, from the date of marriage to the date of separation, is a marriage of long duration."].)

3

Void orders or judgments are entered where a court lacks subject matter or personal jurisdiction or there is some other kind of defect of fundamental jurisdiction, such as a due process violation. All other erroneously entered orders and judgments are voidable. (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661 [" ' "[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority conferred, it has exceeded its jurisdiction." ' [Citation.] When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable."].)

What we have here, at most, falls in the latter category. "Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless 'unusual circumstances were present which prevented an earlier and more appropriate attack.' " (*People v. American Contractor's Indemnity Co.*, *supra*, 33 Cal.4th at p. 661.) Because Martha does not point to any such circumstances, her voidness argument has been forfeited. The time to raise it was in 2021.

## DISPOSITION

The order appealed from is affirmed. Gilardo is awarded costs of appeal.

STREETER, J.

WE CONCUR:

BROWN, P. J.
MOORMAN, J.*

---

* Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4