Filed 12/28/22

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ROBERT PARSONS, | C093489 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2018-00247176-CU-OE-GDS) |
| v. | |
| ESTENSON LOGISTICS, LLC, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Raymond M. Cadei, Judge. (Retired judge of the Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Diversity Law Group, Larry W. Lee, Max. W. Gavron; Polaris Law Group and William L. Marder for Plaintiff and Appellant.

Ogletree, Deakins, Nash, Smoak & Stewart, Michael J. Nader, Kyle Wende and Kathleen J. Choi for Defendant and Respondent.

1

Labor Code section 204, subdivision (d), provides that wages for employees who are paid weekly are deemed timely if paid "not more than seven calendar days following the close of the payroll period."  What happens if the seventh calendar day falls on a Saturday?  Plaintiff and appellant Robert Parsons argues the wages must be paid on that Saturday.  Defendant and respondent Estenson Logistics, LLC (Estenson) argues the wages may be paid the following Monday, because Code of Civil Procedure section 12a provides that weekends are holidays, and further provides, "If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday."  The trial court agreed with Estenson, and granted summary judgment in its favor on a wage and hour claim brought by Parsons.  We also agree, and thus affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are both few and undisputed.  Parsons works for Estenson, and Estenson pays its employees weekly.  Estenson's pay period runs from Sunday through the following Saturday.  It pays its employees on the second Monday after the end of the pay period, which is nine calendar days after the end of the pay period.  If Monday is a holiday, it pays its employees on Tuesday, which is 10 calendar days after the end of the pay period.  So, for example, if the pay period runs from Sunday, January 1 through Saturday, January 7, it would pay its employees on Monday, January 16, and if Monday, January 16 was a holiday, it would pay its employees on Tuesday, January 17.

Parsons contends this practice violates Labor Code section 204, subdivision (d) (hereafter, section 204(d)), which, as noted above, requires that employees who are paid weekly be paid "not more than *seven calendar days* following the close of the payroll period."  (Italics added.)  Parsons thus brought an action under what is known as the Labor Code Private Attorneys General Act of 2004—or PAGA.  (Lab. Code, § 2698 et seq.)  PAGA allows an employee to bring a civil action against an employer on behalf of

2

himself and other employees to recover civil penalties for violations of the Labor Code.[1] (Lab. Code, § 2699, subd. (a).)  In this case, Parsons asserted one cause of action against Estenson, alleging its practice of paying its employees on the ninth calendar day following the close of the pay period violates section 204(d).

Estenson filed a motion for summary judgment, arguing its payroll practices did not violate section 204(d).[2]  Its argument was based almost entirely on a policies and interpretations manual promulgated by the Division of Labor Standards Enforcement (DLSE).  The DLSE is charged with enforcing most provisions of the Labor Code, (Lab. Code, § 95), and its Enforcement Policies and Interpretations Manual (hereafter, the DLSE Manual) summarizes how it interprets the Labor Code provisions it is charged with enforcing.  The DLSE Manual contains the following explanation of what happens when a payday falls on a weekend or a holiday:

"7.6     **Wage Payment Where Holidays Occur**.  Occasionally, the designated payday will fall on a holiday.  The question then arises:  When are the employees required to be paid?  The DLSE has established an enforcement position which relies on the provisions of Sections 7, 9, 10 and 11 of the California Civil Code and on Section 12a of the California Code of Civil Procedure:

---

[1]  Civil penalties are $100 for each initial violation, and $200 for each subsequent violation.  (Lab. Code, §§ 210, subd. (a), 2699, subd. (f)(2).)  If civil penalties are recovered, 75 percent goes to the Labor and Workforce Development Agency, and 25 percent goes to the aggrieved employees.  (Lab. Code, § 2699, subd. (i).)  The aggrieved employee is also entitled to recover reasonable attorney fees.  (Lab. Code, § 2699, subd. (g)(1).)

[2]  After the complaint was filed, it changed its payroll practices and now pays employees on Fridays, or six calendar days after the close of the payroll period.

"C.C. § 7: 'Holidays within the meaning of this code are every Sunday and such other days as are specified or provided for as holidays in the Government Code of the State of California.'

"C.C. § 9: 'All other days than those mentioned in Section 7 are business days for all purposes; . . .'

"C.C. § 10: 'The time in which any act provided by law is to be done is computed by excluding the first day and including the last day, unless the last day is a holiday, and then it is also excluded.'

"C.C. § 11: 'Whenever any act of a secular nature, other than a work of necessity or mercy, is appointed by law or contract to be performed upon a particular day, which day falls upon a holiday, it may be performed upon the next business day, with the same effect as if it had been performed upon the day appointed.'

"C.C.P § 12a(a): 'If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day which is not a holiday. For purposes of this section, "holiday" means all day on Saturdays, all holidays specified in Section 135 and, to the extent provided in Section 12b, all days which by terms of Section 12b are required to be considered as holidays.'

"7.6.1 The following days have been designated as holidays by [the] Government Code: January 1, the third Monday in January, February 12, the third Monday in February, March 31, the last Monday in May, July 4, the first Monday in September, the second Monday in October, November 11, Thanksgiving, the day after Thanksgiving and December 25.

"7.6.2 *The above statutes have been relied upon by DLSE to allow an employer the option of paying wages due on a Saturday or Sunday (or holiday listed in the*

*Government Code and scheduled as a holiday by the employer) on the next business day.*" (Italics added.)[3]

Based on the DLSE Manual and the statutes cited therein, Estenson argued that because the last day to pay its employees always falls on a Saturday, it had the option of paying them on Monday (or on Tuesday if Monday is a holiday).

Parsons argued the DLSE Manual and the statutes cited therein do not override section 204(d)'s clear directive that employees must be paid no later than seven calendar days after the close of the payroll period.

The trial court agreed with Estenson, noting that although it was not bound by the DLSE Manual, it found the DLSE's interpretation of the relevant Civil Code and Code of Civil Procedure sections to be both "persuasive" and "reasonable."[4] The trial court thus entered judgment in favor of Estenson, and Parsons timely appealed.

---

[3] The DLSE Manual is available online. (See DSLE, 2002 Update of the DSLE Enforcement Polices and Interpretations Manual (rev. Aug. 2019) <https://www.dir.ca.gov/dlse/DLSEManual/dlse_enfcmanual.pdf> [as of Dec. 20, 2022], archived at <https://perma.cc/9GXT-ZVFF>.)

[4] The trial court was not bound by the DLSE Manual because our Supreme Court has held its interpretations of the law are underground regulations—i.e., regulations adopted without complying with the Administrative Procedure Act (Gov. Code, § 11340 et seq.)—and are therefore void. (*Tidewater Marine Western, Inc. v. Bradshaw* (1996) 14 Cal.4th 557, 568-577.) "But 'void' in this context, does not necessarily mean wrong. If the policy in question is interpretive of some governing statute or regulation, a court should not necessarily reject the agency's interpretation just because the agency failed to follow the [Administrative Procedure Act] in adopting that interpretation; rather, the court must consider independently how the governing statute or regulation should be interpreted." (*Alvarado v. Dart Container Corp. of California* (2018) 4 Cal.5th 542, 557.) Here, the trial court agreed with the DLSE's interpretation of the law.

5

**DISCUSSION**

**1.      Standard of Review**

"We review a grant of summary judgment de novo; we must decide independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law." (*Intel Corp. v. Hamidi* (2003) 30 Cal.4th 1342, 1348.)  "The proper interpretation of a statute and the application of the statute to undisputed facts are questions of law, which we also review de novo." (*Lazarin v. Superior Court* (2010) 188 Cal.App.4th 1560, 1569.)  We may affirm a ruling granting a motion for summary judgment "if it is correct on any ground, regardless of the trial court's stated reasons." (*Truck Ins. Exchange v. County of Los Angeles* (2002) 95 Cal.App.4th 13, 20.)

**2.      Analysis**

This case involves the interplay between Labor Code section 204 and Code of Civil Procedure section 12a.[5]

---

[5]  Although Estenson focuses on Code of Civil Procedure section 12a, it also briefly mentions Civil Code sections 7.1 and 9, and argues those sections authorize its pay practices as well.  They may, but it is not undisputed that they do.  Civil Code section 7.1 defines "[o]ptional bank holidays" as Saturdays, Sundays, and most recognized holidays, and Civil Code section 9 provides, "any act appointed by law . . . to be performed on any day which is an optional bank holiday . . . , by, at, or through any bank or branch or office thereof, . . . may be performed on that optional bank holiday if the bank or branch or office by, at, or through which the act is to be performed is open for the transaction of business on that optional bank holiday, or, at the option of the person obligated to perform the act, it may be performed on the next succeeding business day."  Estenson argues Civil Code section 9 authorizes its practice of paying employees on Monday because "[t]he undisputed facts show that [it] relied on the banking system to pay wages."  The undisputed facts do *not* show that Estenson relies on the banking system to pay wages because *none* of the facts proffered in its separate statement mention banks or the banking system.  Indeed, other than stating Parsons received "paychecks," the separate statement does not explain how Estenson pays wages.  "[*A*]*ll* material facts must be set forth in the separate statement.  'This is the Golden Rule of Summary Adjudication: if it is not set forth in the separate statement, *it does not exist*.' " (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337.)  We will not simply

6

Labor Code section 204 generally requires that wages be paid at least twice a month, as follows:  "All wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.  Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."  (Lab. Code, § 204, subd. (a).)  For employers, like Estenson, who pay their employees weekly, section 204(d) provides, "The requirements of this section shall be deemed satisfied . . . if the wages are paid not more than *seven calendar days* following the close of the payroll period."  (Lab. Code, § 204, subd. (d), italics added.)  Both parties acknowledge this case is governed by section 204(d).  Parsons argues that "seven calendar days" means just that, and if the seventh calendar day following the close of the payroll period falls on a Saturday, then wages must be paid on (or before) that Saturday, and paying wages on Monday (or nine calendar days following the close of the payroll period) violates section 204(d).  If section 204(d) was the only provision we had to consider, this would be an easy case and we would agree with Parsons.  But section 204(d) is not the only provision we have to consider.

Instead, as Estenson notes, Code of Civil Procedure section 12a (hereafter section 12a) provides, "If the last day for the performance of any act provided or required by law to be performed within a specified period of time is a holiday, then that period is hereby extended to and including the next day that is not a holiday.  For purposes of this section, 'holiday' means all day on Saturdays[ and] all holidays specified in Section 135."  (Code Civ. Proc., § 12a, subd. (a).)  Code of Civil Procedure section 135, in turn, specifies "judicial holidays," which include Saturdays, Sundays, and most major holidays (i.e.,

assume that Estenson pays its employees "by, at, or through" a bank.

7

Thanksgiving, Christmas, New Year's Day, etc.). (Code Civ. Proc., § 135 ["Every full day designated as a holiday by Section 6700 of the Government Code . . . is a judicial holiday," subject to a few exceptions]; Gov. Code, § 6700 [designating state holidays].) Section 12a thus effectively provides, "[i]f the last day for the performance of any act provided or required by law to performed within a specified time period" is a Saturday, a Sunday, or any other holiday, "then that period is . . . extended to . . . the next day that is not" a Saturday, a Sunday, or a holiday.

Section 204(d) is a law that requires an act (i.e., the payment of wages) to be performed within a specified period of time (i.e., not more than seven calendar days following the close of the payroll period)—and Parsons does not seriously suggest otherwise. Does the rule specified in section 12a apply to section 204(d)'s time limits regarding the payment of wages? We hold that it does, because section 12a provides, "This section applies to . . . all . . . provisions of law providing or requiring an act to be performed on a particular day or within a specified period of time, *whether expressed in this or any other code or statute*, ordinance, rule, or regulation." (Code Civ. Proc., § 12a, subd. (b), italics added.) Section 12a's rule thus expressly applies both to "this code" (i.e., the Code of Civil Procedure), and also to "any other code or statute," which would include the Labor Code in general and section 204(d) in particular.

Parsons disagrees. He argues that because section 12a is part of the Code of Civil Procedure, it only applies to deadlines or time limits that are related in some way to civil procedure—i.e., the procedure by which civil actions or other special proceedings of a civil nature are brought, prosecuted, and resolved.[6] Although this argument has some

---

[6] Estenson notes section 12a has been applied to deadlines found in codes other than the Code of Civil Procedure, including the Labor Code. All of Estenson's examples, however, involve deadlines *related to the filing of a lawsuit*, which is a matter of civil procedure. (See *Alford v. Industrial Accident Com.* (1946) 28 Cal.2d 198, 200 [holding Code Civ. Proce, § 12a applies to deadline in Lab. Code for seeking judicial review of

8

superficial appeal, it cannot be squared with the language of section 12a, which, as quoted above, states it applies to "all . . . provisions of law providing or requiring an act to be performed on a particular day or within a specified period of time, *whether expressed in this or any other code or statute*, ordinance, rule, or regulation." (Code Civ. Proc., § 12a, subd. (b), italics added.) "Statutory construction begins with the plain, commonsense meaning of the words in the statute, ' "because it is generally the most reliable indicator of legislative intent and purpose." ' [Citation.] 'When the language of a statute is clear, we need go no further.' " (*People v. Manzo* (2012) 53 Cal.4th 880, 885.) The language of section 12a is clear. It states it applies both (1) to "this code," i.e., the Code of Civil Procedure, and also (2) to "any other code or statute," which would include the Labor Code. If the Legislature had intended for section 12a to apply only to the Code of Civil Procedure or only to civil procedure-related time periods, it would have said so. (Compare, e.g., O.R.S. § 174.120 ["The time within which an act is to be done, as provided in the civil and criminal procedure statutes, is computed by excluding the first day and including the last day, unless the last day falls upon any legal holiday or on Saturday, in which case the last day is also excluded"].)

Parson's argument that section 12a only applies to civil procedure deadlines or time limits also ignores the fact that "[t]he code separation is for convenience only," and there is thus no rule that requires us to interpret provisions in a particular code as if they

decision by Industrial Accident Commission]; *DeLeon v. Bay Area Rapid Transit Dist.* (1983) 33 Cal.3d 456, 457 [holding Code Civ. Proc., § 12a applies to deadline in Gov. Code for bringing an action against a public entity]; *McAvoy v. Harvey L. Lerer, Inc.* (1995) 35 Cal.App.4th 1128, 1131-1132 [holding Code Civ. Proc., § 12a applies to deadline in Bus. & Prof. Code for filing complaint seeking trial de novo following arbitration of attorney fee dispute]; *Valdez v. Seidner-Miller, Inc.* (2019) 33 Cal.App.5th 600, 608-610 [holding Code Civ. Proc., § 12a applies to deadline in Civ. Code for providing notice prior to filing lawsuit under Consumers Legal Remedies Act].) Estenson's examples thus do not refute Parson's argument that section 12a only applies to deadlines related to civil procedure.

9

are confined to that code. (*In re Porterfield* (1946) 28 Cal.2d 91, 100.) Indeed, " '[w]here as here two codes are to be construed, they "must be regarded as blending into each other and forming a single statute." [Citation.] Accordingly, they "must be read together and so construed as to give effect, when possible, to all the provisions thereof." [Citation.]' " (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663 (*Mejia*).) Here, we are simply giving effect to both section 12a and section 204(d).

Although not dispositive, we note that Code of Civil Procedure section 13 (hereafter section 13) provides additional support for our holding that section 12a is not limited to civil procedure deadlines or time limits. Section 13 provides, "Whenever any act of a secular nature . . . is appointed by law *or contract* to be performed upon a particular day, which day falls upon a holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed."[7] (Italics added.) Like section 12a, section 13 governs the performance of an act on a holiday, and section 13 expressly applies outside the civil procedure context to include certain acts "appointed by . . . contract." Courts have thus cited section 13 to extend contractual deadlines, as well as statutory deadlines. (See *French v. Smith Booth Usher Co.* (1942) 56 Cal.App.2d 23, 26-27 [contract provided payment was due Jan. 1, 1941, "but, since that day was a holiday, plaintiff had all of the next day, January 2, in which to pay. (Civ. Code, § 11; Code Civ. Proc., § 13)"].) We do not cite section 13 because we find it applies in this case.[8] Instead, we cite it only to refute Parson's argument that a

---

[7] Civil Code section 11 is identical, and is cited by the DLSE to support its position that an employer may pay wages due on a Saturday, a Sunday, or a holiday on the next business day. (DLSE Manual, §§ 7.6, 7.6.1, 7.6.2.)

[8] Neither party mentions section 13, and it arguably does not authorize Estenson's pay practices because it applies to acts "appointed by law or contract to be performed upon a particular day," (Code Civ. Proc., § 13) and section 204(d) does not require wages to be

10

rule found in the Code of Civil Procedure must be interpreted as applying only to matters concerning civil procedure.

Parsons argues section 12a's rule should not be applied to section 204(d), because the Legislature knows how to exclude Saturdays, Sundays, and holidays when enacting Labor Code provisions governing the prompt payment of wages, but it failed to do so when it enacted section 204(d).  As an example, Parsons cites Labor Code section 201.7, which provides, "An employer who lays off an employee or a group of employees engaged in the business of oil drilling shall be deemed to have made immediate payment [of wages] within the meaning of Section 201 if the wages of such employees are paid within such reasonable time as may be necessary for computation or payment thereof; provided, however, that such reasonable time shall not exceed 24 hours after discharge excluding Saturdays, Sundays, and holidays."[9]  Although it does not deal with the prompt payment of wages, Parsons also cites Labor Code section 3730, which provides, "When the last day for filing any instrument or other document pursuant to this chapter [Chapter 4, which deals with workers' compensation] falls upon a Saturday, Sunday or other holiday, such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed."  Parsons then cites the " 'well recognized principle of statutory construction that when the Legislature has carefully employed a term in one place and has excluded it in another, it should not be implied where

_____

paid on a particular day; instead, it requires wages to be paid "not more than seven calendar days following the close of the payroll period" (Lab. Code, § 204, subd. (d)).

[9]  Labor Code section 201.7 modifies the general rule set forth in Labor Code section 201 that when an employer discharges an employee, "the wages earned and unpaid at the time of discharge are due and payable immediately," or on the date of discharge.  (Lab. Code, § 201.)  In enacting section 201.7, the Legislature found and declared "that special provision must be made for the payment of wages on discharge of employees engaged in oil drilling because their employment at various locations is often far removed from the employer's principal administrative offices, which makes the computation and payment of wages on an immediate basis unduly burdensome."  (Lab. Code, § 201.7.)

11

excluded.' " (*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 725; see also *Walt Disney Parks & Resorts U.S., Inc. v. Superior Court* (2018) 21 Cal.App.5th 872, 879 ["When confronted with two statutes, one of which contains a term, and one of which does not, we do not import the term used in the first to limit the second.  Instead, it is our obligation to interpret different terms used by the Legislature in the same statutory scheme to have different meanings"].)  Finally, Parsons argues we should not effectively imply or import language into section 204(d) by interpreting it as if it stated something like this:  Weekly wages must be paid not more than seven calendar days following the close of the payroll period, but where the seventh day falls on a Saturday, Sunday, or holiday, weekly wages may be paid on the next day that is not a Saturday, Sunday, or holiday.  We are not implying or importing into section 204(d) any language or terms that the Legislature excluded.  Instead, we are following the Legislature's directive in section 12a that "[i]f the last day for the performance of any act provided or required by [this or any other code or statute] to be performed within a specified period of time is a holiday [including a Saturday or a Sunday], then that period is hereby extended to and including the next day that is not a holiday."  (Code Civ. Proc., § 12a, subd. (a).)

Parsons argues our construction of section 12a ignores or makes superfluous the phrase "calendar days" in section 204(d), or exempts Estenson from section 204(d)'s requirements.  We disagree.  We recognize that, when construing a statute, we must "accord[] significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose.  A construction making some words surplusage is to be avoided." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) Our construction of section 12a, however, does not ignore the phrase "calendar days" or make it surplusage, and it does not exempt Estenson from section 204(d)'s requirements. Calendar days means calendar days.  If Estenson's payroll period ran from Saturday through Friday, for example, it would be required by section 204(d) to pay its employees within seven calendar days, or by the following Friday.  Nothing in our decision changes

12

that.  However, where the seventh calendar day falls on a weekend or a holiday, section 12a extends the time for payment to the next day that is not a weekend or a holiday.  Unlike Parson's interpretation, which focuses solely on section 204(d) and ignores section 12a, our interpretation gives effect to both section 204(d) and section 12a.  (See *Mejia*, *supra*, 31 Cal.4th at p. 663 [when interpreting two codes, they " ' "must be read together and so construed as to give effect, when possible, to all the provisions thereof" ' "]; *Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 805 [" 'A court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions' "].)

Parsons cites our Supreme Court's statement that "[s]ection 204 serves the 'public policy in favor of full and prompt payment of an employee's earned wages,' which is 'fundamental and well established:  " 'Delay of payment . . . results in deprivation of the necessities of life, suffering inability to meet just obligations to others, and, in many cases may make the wage-earner a charge upon the public.' " ' " (*Oman v. Delta Air Lines, Inc.* (2020) 9 Cal.5th 762, 777; see also *Voris v. Lampert* (2019) 7 Cal.5th 1141, 1148 ["prompt and complete wage payments are of critical importance to the well-being of workers, their families, and the public at large"].)  The fact that section 204 serves the public policy in favor of prompt payment of wages, however, does not demonstrate that section 12a does not apply when the last day to pay wages falls on a Saturday, a Sunday, or a holiday.  As our Supreme Court has cautioned, "Where 'the application of firmly established rules of statutory construction' establish a statute's meaning, we 'may not rest' our decision 'on the weighing and balancing of public policy considerations.' " (*Skidgel v. California Unemployment Ins. Appeals Bd.* (2021) 12 Cal.5th 1, 26.)  We may not ignore the clear language of section 12a based on the weighing and balancing of the public policy in favor of prompt payment of wages.

Finally, Parsons cites our Supreme Court's instruction that, " ' "When construing the Labor Code . . . , we adopt the construction that best gives effect to the purpose of the Legislature . . . . Time and again, we have characterized that purpose as the protection of employees—particularly given the extent of legislative concern about working conditions, wages, and hours when the Legislature enacted key portions of the Labor Code. . . . In furtherance of that purpose, we liberally construe the Labor Code . . . to favor the protection of employees." ' " (*Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, 865, quoting *Troester v. Starbucks Corp.* (2018) 5 Cal.5th 829, 839.) Parsons' point appears to be that we should interpret section 204(d) in favor of protecting employees by holding that wages are due seven calendar days following the close of the payroll period, even if the seventh day falls on a Saturday, a Sunday, or a holiday. We cannot, however, adopt an interpretation of section 204(d) that wholly ignores section 12a, and must instead adopt an interpretation that gives effect to both. (See *Mejia, supra*, 31 Cal.4th at p. 663 [when interpreting two codes, they " ' "must be read together and so construed as to give effect, when possible, to all of the provisions thereof" ' "].)

Here, we apply the rule in section 12a to the time limits in section 204(d), and we hold that when weekly-paid wages are due on a weekend or a holiday, they may be paid on the next day that is not a holiday.

## DISPOSITION

The judgment is affirmed.  Estenson shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

        /s/        
EARL, J.

We concur:

        /s/        
ROBIE, Acting P. J.

        /s/        
KRAUSE, J.